**EXHIBIT "A"**

AP# FAVRE0031366214
LN# 0031366214

MIN: 1000104-0031366214-8

# ADJUSTABLE RATE NOTE

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. INCREASES IN THE INTEREST RATE WILL RESULT IN HIGHER PAYMENTS. DECREASES IN THE INTEREST RATE WILL RESULT IN LOWER PAYMENTS.**

August 8, 2005          Atlanta          Georgia
[Date]                  [City]           [State]

1914 EAST COLUMBUS DRIVE    ,TAMPA,FL 33605
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $248,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is
SunTrust Mortgage, Inc.,SunTrust Mortgage, Inc.,
A Virginia Corporation          A Virginia Corporation
I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 5.2500 %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note. Interest will be calculated on a monthly basis.

## 3. PAYMENTS

*[Please check box for interest-only payments.]*

[X] Beginning on the 1st   1st   day of July, 2006   and on the 1st   1st   day of every month thereafter until the 1st   1st   day of September, 2015   , I will pay only the interest on the unpaid principal balance of the Note. Thereafter, I will pay principal and interest by making payments every month as provided below.

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the   1st   day of each month beginning on October, 2015.
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   September 1, 2035
I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at SunTrust Mortgage, Inc., P. O. Box 79041, Baltimore, MD 21279-0041
or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $1,085.00   . This amount may change.

FLORIDA ADJUSTABLE RATE NOTE - Single Family

-899N(FL) (0005)          1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 5          Initials: GF



AP# FAVRE0031366214
LN# 0031366214

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates

The interest rate I will pay may change on the 1st day of September, 2008, and on that day every 12th month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is:
THE AVERAGE OF INTERBANK OFFERED RATES FOR ONE YEAR U. S. DOLLAR DENOMINATED DEPOSITS IN THE LONDON MARKET (LIBOR) AS PUBLISHED IN THE WALL STREET JOURNAL.

The most recent Index figure available as of the date: [X] 45 days [ ] _____
before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding Two and One / Quarter percentage points ( 2.2500 %) to the Current Index. The Note Holder will then round the result of this addition to the [X] Nearest [ ] Next Highest [ ] Next Lowest One/Eighth percentage point ( 0.125 %). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

[X] The "Interest-Only Period" is the period from the date of this Note through September, 2015. For the Interest-Only Period, after calculating my new interest rate as provided above, the Note Holder will then determine the amount of the monthly payment that would be sufficient to pay the interest which accrues on the unpaid principal of my loan. The result of this calculation will be the new amount of my monthly payment.

The "Amortization Period" is the period after the Interest-Only Period. For the Amortization Period, after calculating my new interest rate as provided above, the Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes
*(Please check appropriate boxes; if no box is checked, there will be no maximum limit on changes.)*

[ ] (1) There will be no maximum limit on interest rate changes.
[X] (2) The interest rate I am required to pay at the first Change Date will not be greater than 7.2500 % or less than 3.2500 %.
[X] (3) My interest rate will never be increased or decreased on any single Change Date by more than Two percentage points ( 2.0000 %) from the rate of interest I have been paying for the preceding period.
[X] (4) My interest rate will never be greater than 11.2500 %, which is called the "Maximum Rate."
[X] (5) My interest rate will never be less than 2.2500 %, which is called the "Minimum Rate."
[ ] (6) My interest rate will never be less than the initial interest rate.
[X] (7) The interest rate I am required to pay at the first Change Date will not be greater than 7.2500 % or less than 3.2500 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than Two percentage points ( 2.0000 %) from the rate of interest I have been paying for the preceding period.

Initials: GF

AP# FAVRE0031366214
LN# 0031366214

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    15    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.0000    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver by Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

Initials: _GF_

AP# FAVRE0031366214
LN# 0031366214

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. SECURED NOTE

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

## 12. DOCUMENTARY TAX

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

AP# FAVRE0031366214
LN# 0031366214

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)     _Glenn R Favre by PoA_ (Seal)
                     -Borrower    Glenn R Favre                -Borrower

_____ (Seal)    _____ (Seal)
                     -Borrower                                           -Borrower

_____ (Seal)    _____ (Seal)
                     -Borrower                                           -Borrower

_____ (Seal)    _____ (Seal)
                     -Borrower                                           -Borrower

*[Sign Original Only]*

**SunTrust**

P# FAVRE0031366214
LN# 0031366214

## CONSTRUCTION ALLONGE
(Adjustable or Fixed Rate Note)

August 8, 2005

This Construction Allonge is attached to and part of a Note of the same date in the principal amount of $ __248,000.00__ ("Note") given by me to __SunTrust Mortgage, Inc.__ ("Lender"). The note is secured by a Deed to Secure Debt/Deed of Trust/ Security Instrument (check applicable box):

_____ of the same date ("Security Instrument").

_____ dated
date here of ("Security Instrument"), as modified by a mortgage Modification Agreement dated as of the

The term used in this Allonge have the meanings as defined in the Note.

1. **CONSTRUCTION PERIODS**

    This loan is for the construction of improvements on the land secured by the Security Instrument. The period beginning on the date of the Note and continuing to the first day of __June 2006__ is called the "Construction Period".

2. **CONSTRUCTION PAYMENTS**

    During the Construction Period the rate of interest charged under the Note will be:

    ( ) The Interest Rate as set forth in Paragraph 2 of the Note.

    ( X ) At a rate determined by adding/subtracting __One__ percentage points (__1.0000__ %) to/from the prime commercial rate established by __SunTrust Mortgage, Inc.__ now or hereafter in effect (any change in this rate shall effect an adjustment in the rate of interest). The interest rate as of the above stated date is __7.2500__.

    ( ) Prime Commercial Rate (any change in this rate shall effect an adjustment in the rate of interest). The interest rate as of the above stated date is: _____.

    ( ) Other: _____

The Construction Interest Rate as of the above stated date is __7.2500__.

Interest shall accrue on the Principal advanced only from the date of each advance during the Construction Period. Beginning on the first day of the first month after Principal is advanced, and continuing on the first day of each month thereafter through the first day of __June 2006__, I shall make payments of interest only at the rate set forth above. Upon expiration of the Construction Period, interest shall accrue at the rate and Monthly Payments shall be made in the manner set forth in the Note. However, the first payment date may be changed by the Bank in its discretion, based upon the construction completion date.

3. **CROSS DEFAULT**

    Any default under any Construction Loan Agreement or Construction Loan Commitment executed incidental to this loan shall also be a default under the Note and the Security Instrument.

4. **PROVISIONS OF NOTE AND SECURITY INSTRUMENT**

    The payment of interest only during the Construction Period shall not extend the term of the loan, not result in a deferral of the applicable change Dates and not modify any other provision of the Note or Security Instrument.

I agree to the provisions set forth above in addition to those contained in the Note to which this Allonge is attached.

_Glenn R Favre by POA AL_
(Borrower)  Glenn R Favre

_____
(Borrower)

_____
(Borrower)

_____
(Borrower)

MW-CONSTRUCTION ALLONGE CFM
800764 (03/05)