Filed in U.S. Bankruptcy Court
Atlanta, Georgia

OCT 1 3 2009

M. Regina Thomas, Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>GLENN R. FAVRE,<br>Debtor, | CASE NO: 08-85264-mhm<br><br>Chapter 7 |
| SUNTRUST MORTGAGE, INC.<br>Movant 26<br>vs.<br>GLENN R. FAVRE,<br>Respondent. | Wilful violation<br>362 (b) |

EMERGENCY

## MOTION FOR INJUNCTIVE RELIEF AND SUMMARY JUDGEMENT

COMES now Debtor, Glenn Favre, a Georgia resident, (Debtor or "Favre") request an emergency hearing by Honorable Judge Margret Murphy, United States District Court of the Northern District of Georgia, who presided over the proceedings of the estate for Glenn Favre.

### INJUNCTIVE RELIEF SOUGHT

WHEREFORE, Counter-Plaintiff Glenn R. Favre requests this Court enter on behalf of Counter-Plaintiff, Glenn Favre Injunctive Relief and Order for and on the estate and community property and Relief Granted and Discharged April 9, 2009,

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION

SUNTRUST MORTGAGE, INC., a Virginia Corporation
Plaintiff,

V.

GLENN R. FAVRE pro se
Counter-Plaintiff/Defendant

CASE NO. 08-CA-017979

COX LUMBER CO. d/b/a HD
SUPPLY LUMBER & BUILDING MATERIALS a/k/a
HD Supply – LBM Cox Lumber Co.,
Defendants.

**DEFENDANT GLENN R FAVRE'S AMENDED SECOND AND THIRD COUNTER CLAIMS PER THE LEAVE GRANTED BY THE COURT Of TILA, RESPA, AND REGULATION Z VIOLATIONS ALONG WITH UNFAIR AND DECEPTIVE TRADE PRACTICES that violate 501 s FL 201:213, USURY VIOLATIONS 39 FL687.01 AND REQUEST FOR DECLARATORY JUDGMENT.**

NOW COMES, Glenn R. Favre ("Favre" or "Counter-Plaintiff ") and files these amended counter claims of Breach of Fiduciary Duty and Negligent MISREPRESENTATION. In the Amended Counter Claims, the Counter-Plaintiff would like to add the violations **USURY, Violations of TILA, RESPA, REG. Z and UNFAIR AND DECEPTIVE TRADE PRACTICES RICO** to the complaint, to answer the Complaint of SunTrust Mortgage, Inc. ("SunTrust" or "Plaintiff"), and shows the Court as follows:

RELEIF SOUGHT

1. Declaring a Summary Judgment to be paid without further delay or court proceedings, due to the sensitive nature of the claim; in the amount of $425,000.00

2. Enjoining EMC, the United States of America and provide Injunctive Relief to the parties for Claimant's' and the community property included in the estate of Mr. Glenn Favre requested compensatory damages in the amount of $112,000,000.00 for the property title to debtor 1914 Columbus Dr and the termination of said security interest of the Firms non-disclosed financing, the unlawful taking and proceeding to collect, obtain and litigate the of community property of Favre and Bennett, LLC, and assets included in the Voluntary Chapter 7; where by administratively closing the estate fully administered the estate, granted and discharged all debts of the estate, not a dismissal.1816 15th Avenue LLC, Lot 14 Essex LLC, 6240 Lakeview Ct Bear & Stern ALT -A Pass Thru Certificate 2004-06 MBS from Sun Trust Mortgage, Inc., Rex Georgia, and the counter-claims of Mr. Glenn R. Favre terminating the foreclosure actions and claim for deficiencies to reduce the overpayments or amount owed to the U.S. Government. Entered 12/9/2008 and in 4/9/2009 the Trustee's final report to creditors regarding the abandonment of assets, no distributions, the compensatory damage claim, attorneys' fees and litigation expenses, treble damages, and for such other and further relief as the Panel deems just and proper. Claimant requested compensatory damages of not less than $16,837,980.00 per asset, treble damages of not less than $28,256,970.00 for the Civil Rights Violations $1,000,000.00 for pain and suffering, punitive damages in an amount not less than$1,000,000.00, costs, expenses, disbursements, attorneys' fees and all other fees resulting from other legal proceedings estimated to be not less than

7. The Firms intent to cause harm, pattern and practice of the Firms Agents, Servicers provided under "class actions" for relief to borrowers for damages under TILA, RESPA and REG Z. To be paid without delay, 1% of the Firms net worth:

(a) With regard to Respondents actions against the property of the United States of America as of December 9, 2008, a direct violation of Federal Bankruptcy Code, FDCA and any attempt to collect, enforce, proceed with litigation, to obtain community property of said estate or to enforce security interest terminated in the estate and discharged April 9, 2009. Favre & Bennett, LLC's three investments but never took possession of nor received any benefit: 1914 Columbus Dr LLC, (Glenn Favre Managing Member), Lot 14 Essex, LLC (Allen Scott Bennett Managing Member), and 1816 15th Ave (John A. Stokes, Managing Member, and that of debtor Glenn R. Favre's Domestic Partner, Dale Capelouto.

(b) Motion For Relief From Final Order or Decree in Federal Bankruptcy Court Northern District of Georgia Atlanta Division Case No: 08--85264-mhm. In and thru the 11th Circuit Court of Appeals by and thru this Motion For Injective Relief from the Honorable Judge Margaret Murphy's final discharge of Glenn R. Favre's estate and Mr. Hays, upon fully administering, and ordering no assets no distributions, to included assets in the scheduled debtor(s) application for relief in Voluntary Chapter 7, to expunge all records of all actions by the Firms, their agents, directors. their employees as provided under TILA, RESPA, Reg. Z regarding Lenders or Servicers failure to disclose, respond or correct consumer credit transactions errors under RESPA and provided under RESPAs damages by Lenders numerous repeated, pattern, practice or trade with the intent to harm, 1% of each Firms Net Worth.

8. Acting against or violating a direct Federal Bankruptcy Order provision 11 Fed. Bank. R. 362 Automatic Stay, continue with any litigation, take possession, community property, security interest or lien covered in or debt discharged in said estate.

9. Awarding Favre's Estate its costs and attorneys' fees reasonably incurred in connection with this proceeding; and including the U.S.A.

10. Granting, Plaintiff other relief this court deems just and proper.

Dated: Atlanta, Georgia
September 30, 2009

Respectfully submitted,
By:

/s/
GLENN R. FAVRE
FAVRE AND BENNETT, LLC

110 S Columbia Drive 11
Decatur, GA 30030
Telephone: (404) 734-5166
Facsimile: (404) 373-1137
Charles M. Hall, Esq
404-523-2305

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| GLENN ROYCE FAVRE, | § | CASE NO. 08-85264-mhm |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| SUNTRUST MORTGAGE, INC., | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | CONTESTED MATTER |
| | § | |
| GLENN ROYCE FAVRE and S. GREGORY HAYS, Trustee, | § | |
| | § | |
| | § | |
| Respondents. | § | |
| | § | |

## NOTICE OF RESCHEDULED HEARING

**PLEASE TAKE NOTICE** that **Movant SUNTRUST MORTGAGE, INC.**, a creditor and party in interest ("Movant"), filed a **Motion for Relief from Stay** (the "Motion"; Docket No. 26) and related papers with the Court on March 23, 2009 in the above-referenced matter. In the Motion, Movant seeks an order lifting the automatic stay as to certain real property located at 1914 East Columbus Drive, Tampa, Hillsborough, Florida 33605, and authorizing Movant to exercise its rights under certain security instruments, executed by Debtor/Respondent, to foreclose on its collateral. A hearing on the Motion was originally scheduled to take place on April 7, 2009 (the "Original Hearing").

**PLEASE TAKE FURTHER NOTICE** that the Original Hearing regarding the Motion has been **RESCHEDULED.**

Filed in Clerk's Office and a true copy certified this 12 day of Aug 20 09
W. YVONNE EVANS, CLERK
By [signature]
Deputy Clerk

Case 08-85264-mhm Doc 1 Filed 12/09/08 Entered 12/09/08 13:06:22 Desc Main
Document Page 14 of 62



. Nature, location and name of business

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Top to Bottom Renovations, LLC | | 110 S. Columbia Drive, #11 Decatur, GA 30030 | home remodeling | 2005 to present |
| Yell Hung Galleries, Inc. | | 110 S. Columbia Drive, #11 Decatur, GA 30030 | online art gallery | 11/2007 to present |
| Favre & Bennett, LLC | | 3827 Chattahoochee Summit Drive Atlanta, GA 30339 | debtor is member with Allen Scott Bennett 50 - 50 ownership | 2/18/05 to present |
| 1816 15th Ave., LLC | | 5122 31st Avenue, S Saint Petersburg, FL 33707 | debtor is member with John Stokes & Allen Scott Bennett (no value) 33.33%,zA 33.34%, 33.33%; respectively | 11/2/05 - administratively dissolution 9/26/08 |
| 1914 Columbus Drive, LLC | | 5122 31st Avenue S Saint Petersburg, FL 33707 | debtor is member with Allen Scott Bennett (no value) | 8/23/06 - administrative dissolution on 9/26/08 |
| 14 Essex, LLC | | 6240 Lakeview Court Rex, GA 30273 | debtor is member with Allen Scott Bennett | 10/5/2005 - administrative dissolution on 9/15/6006 |

None ■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

Software Copyright (c) 1996-2007 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

FAVRE & BENNETT, LLC
110 S COLUMBIA DR. 11
DECATUR, GA 30030
404-822-3031

B6A (Official Form 6A) (12/07)

In re **Glenn Royce Favre**, Debtor    Case No. ____________

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| house & lot @<br>6240 Lakeview Court<br>Rex, GA 30273 | titled to debtor | H | 130,000.00 | 110,693.00 |
| house under construction & lot @<br>1914 E. Columbus Drive<br>Tampa, FL 33605 | titled to debtor | H | 153,000.00 | 253,500.00 |

2
1
3

③

4 that you and grofftote can Purchase for 38M a piece and 12M for purdies
124,000,000.00

Sub-Total > 283,000.00 (Total of this page)

Total > 283,000.00

0 continuation sheets attached to the Schedule of Real Property

B6 Summary (Official Form 6 - Summary) (12/07)

**United States Bankruptcy Court**
**Northern District of Georgia - Atlanta**

In re **Glenn Royce Favre**, Debtor

Case No. 08-85264

Chapter 7

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 283,000.00 | | |
| B - Personal Property | Yes | 4 | 347,185.00 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 472,159.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 10 | | 325,976.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 0.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 3,784.00 |
| Total Number of Sheets of ALL Schedules | | 25 | | | |
| | | Total Assets | 630,185.00 | | |
| | | | Total Liabilities | 798,135.00 | |

Trustee objected to Discharge

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037

EXHIBIT

Best Case Bankruptcy

**08-85264-mhm** Glenn Royce Favre
**Case type:** bk **Chapter:** 7 **Asset:** No **Vol:** v **Judge:** Margaret Murphy
**Date filed:** 12/09/2008 **Date of last filing:** 04/09/2009
**Debtor discharged:** 04/07/2009
**Date terminated:** 04/07/2009

## Docket Information and Related Docket Entries
## Case 08-85264-mhm Document 99999

**Filed:** 03/23/2009
**Entered:** 03/23/2009
**Entered By:** S. Hays
**Event Name(s):** Chapter 7 Trustee's Report of No Distribution - No Funds
**Full Docket Text:**
Chapter 7 Trustee's Report of No Distribution: having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 3 months. Assets Abandoned: $ 630185.00, Assets Exempt: Not Available, Claims Scheduled: $ 798135.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment: $ 798135.00. Filed by S. Gregory Hays on behalf of S. Gregory Hays. (Hays, S.)

No Related Docket Entries

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/10/2009 16:54:20 | | | |
| **PACER Login:** | es2418 | **Client Code:** | |
| **Description:** | Related Transactions | **Search Criteria:** | |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

Sep 03 09 07:24a Received: EMC Search, LLC Sep 3 2009 07:26am 404-373-1137 p.22

I#: 2008222216 BK: 16348 PG: 900, 08/12/2008 at 02:05 PM, RECORDING 2 KEN BURKE, CLERK OF COURT PINELLAS COUNTY, FL BY DEPUTY CLERK: CLKPR08

7 Refiled.

180 days?

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

CASE NO. 08-11632-CI-11

UCN:522008CA011632 XXCICI

SUNTRUST MORTGAGE, INC., a Virginia corporation,

Plaintiff,

v.

ALLEN S. BENNETT, A-E ROJAS CONSTRUCTION, INC., a Florida corporation, STOCK BUILDING SUPPLY, INC., a North Carolina corporation d/b/a STOCK BUILDING SUPPLY, DANIEL INSULATION, INC., a Florida corporation, and RNR CARPENTRY, INC., a Florida corporation,

Defendants.

FILED 2008 AUG -7 PM 4:40 CIVIL CT REC DEPT KEN BURKE CLERK OF CIRCUIT COURT

NOTICE OF LIS PENDENS

TO: **DEFENDANTS, ALLEN S. BENNETT, A-E ROJAS CONSTRUCTION, INC., a Florida corporation, STOCK BUILDING SUPPLY, INC., a North Carolina corporation d/b/a STOCK BUILDING SUPPLY, DANIEL INSULATION, INC., a Florida corporation, and RNR CARPENTRY, INC., a Florida corporation, AND ALL OTHERS WHOM IT MAY CONCERN:**

YOU ARE HEREBY NOTIFIED of the institution of this action by Plaintiff, SUNTRUST MORTGAGE, INC., against you seeking to foreclose a certain mortgage on the following real property located in Pinellas County, Florida, described as follows:

Lot 14, Block "D", BOCA CIEGA PARK, according to the plat thereof, as recorded in Plat Book 3, page 24, of the public records of Pinellas County, Florida.

KEN BURKE, CLERK OF THE COURT PINELLAS COUNTY, FLORIDA (727) 464-3267 3017772 20080811
KEN BURKE, CLERK OF THE COURT PINELLAS COUNTY, FLORIDA (727) 464-3267
3017772 08-11-2008 09:34:33 JJM
52 CRT-08011632CI SUNTRUST MORTGAGE
SECTION 11
BUSINESS CHECK
UCN 522008CA011632XXCICI
CIVIL FILING FEE 1 $300.00
RECORDING 14 $12.00
RETURN 17 $3.50
ISSUANCE OF SUMMONS 25 $50.00
TOTAL: $369.50
CHECK AMT. TENDERED: $369.50
THANK YOU VERY MUCH

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

COX LUMBER CO., a Florida corporation, d/b/a HD SUPPLY LUMBER & BUILDING MATERIALS,

Plaintiff,

vs.

Case No: 07-CA-007640

Contempt

URBAN CRAFTSMAN HOMES OF FLORIDA, LLC., GEORGE H. MCKELVIN, III, et al,

Defendants.

______________________________/

**NOTICE OF DISCHARGE FROM BANKRUPTCY REGARDING DEFENDANT, GLENN FAVRE**

Plaintiff hereby gives notice that Defendant, GLENN FAVRE, has been discharged from bankruptcy and the lien of Plaintiff remains in full force and effect on the subject matter property.

COPY OF DISCHARGE ATTACHED AS EXH "A"

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by regular U.S. mail to *Urban Craftsman Homes of Florida, LLC, c/o Andre Sanders, Registered Agent*, 2435 Central Avenue, St. Petersburg, FL 33712; *George McKelvin*, 9175 Highland Ridge Way, Tampa, FL 33647; *Glenn Favre*, 110 S. Columbia Drive, Unit 11, Decatur, GA 30030; *Leon Robinson*, 2729 Valencia Grove Dr., Valrico, FL 33596-5948; *Jennifer Holland and Geoffrey Holland*, 1029 Yale Street N., St. Petersburg, FL 33713, and to *Tommy Hamm*, 1204 Savannah Drive, Panama City, FL 32405, on this 23 day of June, 2009.

Prior knowledge of and guilty of enforcing a fraudulent lien

MOUSER & MOUSER, P.A.
Attorneys at Law

Frederick L. Mouser, Esq.
1032 Martin Luther King Jr. Street North
St. Petersburg, FL 33705
Telephone: (727) 822-0300
Facsimile: (727) 822-0303
Attorney for Plaintiff
Fla. Bar No: 169029

Judgement received

NON Disclose Fraudulent Deed transfer and lien Enforcement

# Docket

**Name:** COX LIMBER CO **Person Id:** @6100591 **Party:** P001 **Party Status:** Opened Reopened

**UCN:** 292007CA007640P001TA **Case Number:** 07-CA-007640 **Case Created:** 06/20/2007 **Division:** C **Case Status:** Reopened - 06/24/2009

**Case Type Description:** MORTGAGE FORECLOSURE **Court Type:** CIRCUIT CIVIL

| Filing Date | Party | Description | Text |
|---|---|---|---|
| 06/30/2009 | **General** | NOTICE OF FILING | EXHIBIT A ATTCH |
| 06/25/2009 | **General** | CASE REOPENED | |
| 06/24/2009 | **General** | NOTICE | DISCHARGE FROM BANKRUPTCY- AS TO GLENN FAVRE- |
| 06/24/2009 | **General** | NOTICE | OF DISCHARGE FROM BANKRUPTCY AS TO GEOFFREY HOLLAND AND JENNIFER HOLLAND |
| 12/24/2008 | **General** | BANKRUPTCY | |
| 12/23/2008 | **General** | BANKRUPTCY | |
| 11/17/2008 | **General** | CASE STATUS UPDATED | |
| 10/29/2008 | **General** | LETTER TO CLERK FROM | FREDERICK L MOUSER, ESQ. |
| 10/29/2008 | **General** | VOLUNTARY DISMISSAL OF CAUSE | AS TO DEFT JOHN A STOKES, UNDER COUNT VI OF PLTFS COMPLAINT |
| 10/21/2008 | **General** | CASE REOPENED | |
| 09/10/2008 | P001 | LETTER TO CLERK FROM | LAW OFFICES OF MOUSER & MOUSER,PA |
| 09/10/2008 | P001 | NOTICE OF HEARING | OCTOBER 16, 2008 9:00 AM |
| 08/22/2008 | P001 | MTN SUMM JGMNT W/ATCHD AFFDVTS | |
| 08/22/2008 | P001 | MTN SUMM JGMNT W/ATCHD AFFDVTS | |
| 08/22/2008 | P001 | MTN SUMM JGMNT W/ATCHD AFFDVTS | |
| 08/22/2008 | P001 | MTN SUMM JGMNT W/ATCHD AFFDVTS | |
| 08/22/2008 | P001 | MTN SUMM JGMNT W/ATCHD AFFDVTS | |
| 06/03/2008 | P001 | SATISFACTION OF LIEN | |
| 05/16/2008 | **General** | LETTER TO CLERK FROM | FREDERICK L MOUSER |
| 05/16/2008 | P001 | LIS PENDENS | DISCHARGE W/CHECK No. 2993 |
| 04/30/2008 | **General** | ORDER GRANT MOTION TO COMPEL | 4-29-08 JMB |
| 04/10/2008 | **General** | NOTICE OF HEARING | 04/29/08 AT 4:00 PM |
| 01/22/2008 | P001 | MOTION TO COMPEL | ANSWERS |
| 01/22/2008 | P001 | MOTION TO COMPEL | ANSWERS TO INTERROGS |
| 01/22/2008 | P001 | MOTION TO COMPEL | ANSWERS TO INTERROGS |
| 01/22/2008 | P001 | MOTION TO COMPEL | ANSWERS |
| 01/22/2008 | P001 | MOTION TO COMPEL | ANSWERS |
| 01/22/2008 | P001 | MOTION TO COMPEL | ANSWERS TO INTERROGS |
| 01/22/2008 | P001 | MOTION TO COMPEL | ANSWERS TO INTERROGS |

Prior knowledge of fraudulent enforcement lien Nicole Mouser Kirk

LAW OFFICES
**MOUSER & MOUSER, P.A.**

FREDERICK L. MOUSER*
JEAN NICOLE MOUSER
*MEMBER OF FLORIDA AND INDIANA BAR

1032 9th Street North (MLK)
St. Petersburg, Florida 33705
Telephone (727) 822-0300
Facsimile (727) 822-0303

rmouser@mouserlaw.com
nmouser@mouserlaw.com

September 2, 2009

Glenn Favre
110 S. Columbia Drive
Unit 11
Decatur, GA 30030

*Re: Cox Lumber Co. vs. Urban Craftsman Homes of Florida, LLC, etc., et al*
*Case No: 07-CA-007640*

Dear Mr. Favre:

As you know, a Uniform Final Judgment of Foreclosure on property you own in Hillsborough County, Florida was entered in favor of our client on November 6, 2008.

This judgment is in the amount of $4,397.43. If the judgment is not satisfied we have the right to have the real property sold at judicial sale.

Therefore, the purpose of this letter is to request that you give serious consideration to settling this case.

If you wish to discuss settlement, please call. If we do not hear from you within the next 10 days, we intend to schedule the sale of the real property to satisfy our judgment.

Thank you for your best attention to this matter.

Sincerely yours,

MOUSER & MOUSER, P.A.

Frederick L. Mouser

FLM/st
Encl.

Violation & 11 provision USC 362(b)

AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

United States of America
v.
SUNTRUST MORTGAGE, INC.

*Defendant*

Case No. 1:08-bk-85264

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of 02/02/2008 in the county of USA in the 13 District of HILLSBROUGH , the defendant violated 11 U. S. C. § 362(b), an offense described as follows:
MORTGAGE FRAUD
RICO
US PATRIOT ACT VIOLATIONS BSA and the vill full violation of 11 USC 362(b)

REVE FALSE CLAIMS ACT AND VIOLATIONS OF FERA MAY 20, 2009.
IN RELATION TO TARP HOLDERS, AGENTS, DIRECTORS, AND REPRESENTITIVES INCLUDING OUTSIDE COUNSEL, GOLDMAN SACHS, INC. FIDELITY NATIONAL FINANCIAL, GENWORTH FINANCIAL, REPUBLIC NATIONAL TITLE, SUNTRUST BANK HOLDINGS, INC. SUNTRUST INVESTMENTS, INC. SUNTRUST ROBINSON HUMPHREY'S INC. MONICA GILROY, ALICE HUNEYCUTT, WILLIAMS MULLEN, RON PERROW, ELIZABETH STONEJOSE APONTE.

This criminal complaint is based on these facts:

EMAIL TO WHITE COLLAR CRIMES DIVISION TAMPA NOTING ALL THREE ACCOUNTS FROM SUNTRUST MORTGAGE FOR FAVRE AND BENNETT, 1816 15 LLC, LOT 14 LLC AND 1914 COLUMBUS DR LLC AND LLC PARTNERS JOHN STOKES AND SCOTT BENNETT. SEE CASE FILINGS ATTACHED REPORTING MORTGAGE FRAUD.

☑ Continued on the attached sheet.

*Complainant's signature*

GLENN R FAVRE

*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/13/2009

*Judge's signature*

City and state: ATLANTA DIVISION

HONORABLE JUDGE MARGARET MURPHY

*Printed name and title*

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

United States of America
v.
SUNTRUST MORTGAGE, INC.

*Defendant*

Case No. 1:08-bk-85264

## CRIMINAL COMPLAINT

*I, the complainant in this case, state that the following is true to the best of my knowledge and belief.*

On or about the date of 02/02/2008 in the county of USA in the 13 District of HILLSBROUGH , the defendant violated 11 U. S. C. § 362(b) , an offense described as follows:
MORTGAGE FRAUD
RICO
US PATRIOT ACT VIOLATIONS BSA and the vill full violation of 11 USC 362(b)

REVE FALSE CLAIMS ACT AND VIOLATIONS OF FERA MAY 20, 2009.
IN RELATION TO TARP HOLDERS, AGENTS, DIRECTORS, AND REPRESENTITIVES INCLUDING OUTSIDE COUNSEL, GOLDMAN SACHS, INC. FIDELITY NATIONAL FINANCIAL, GENWORTH FINANCIAL, REPUBLIC NATIONAL TITLE, SUNTRUST BANK HOLDINGS, INC. SUNTRUST INVESTMENTS, INC. SUNTRUST ROBINSON HUMPHREY'S INC. MONICA GILROY, ALICE HUNEYCUTT, WILLIAMS MULLEN, RON PERROW, ELIZABETH STONEJOSE APONTE. and Judge James M. Barton are in contempt of this Honorable Court.

This criminal complaint is based on these facts:

EMAIL TO WHITE COLLAR CRIMES DIVISION TAMPA NOTING ALL THREE ACCOUNTS FROM SUNTRUST MORTGAGE FOR FAVRE AND BENNETT, 1816 15 LLC, LOT 14 LLC AND 1914 COLUMBUS DR LLC AND LLC PARTNERS JOHN STOKES AND SCOTT BENNETT. SEE CASE FILINGS ATTACHED REPORTING MORTGAGE FRAUD.

❐ Continued on the attached sheet.

*Complainant's signature*

GLENN R FAVRE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/13/2009

*Judge's signature*

City and state: ATLANTA DIVISION

HONORABLE JUDGE MARGARET MURPHY
*Printed name and title*

Certificate of Service

I, Glenn R Favre, certify that I am over the age of 18 and that on October 13, 2009, I served a copy of the foregoing Documents

Motion to Order Judgment in the following cases, Top to Bottom Renovations, LLC, by first class U.S. Mail, with adequate postage prepaid on the following Person(s) or entities at the addresses stated:

Glenn Favre pro se
110 South Columbia Drive #11
Decatur Georgia 30030
4048223031

Top to Bottom Renovations, LLC
110 South Columbia Drive #11
Decatur, Georgia, 30030
glenn@toptobottomrenovations.com
www.toptobottomrenovations..com
404-8223031

**From:** Glenn Favre [mailto:glenn@toptobottomrenovations.com]
**Sent:** Saturday, February 02, 2008 11:02 AM
**To:** 'tampa.division@ic.fbi.gov'
**Cc:** 'Scott Bennett'
**Subject:** MORTGAGE FRAUD

To Whom It May Concern:

I have just discovered that I have been the victim of mortgage fraud and theft by the parties mentioned below. Attached you will find American Express disputed charges from account ending ***42001 that was issued to Keith Sanders an additional card holder. The card was issued to him to pay for materials and supplies necessary to complete the construction of the properties mentioned. Also, after researching the charges I discovered he charged over $10,000.00 to his own company Urban Craftsman Homes of Florida, LLC. After confronting him, his finally disclosed his prior knowledge of the theft, and tried to cover it up. He is a member of the Florida State Bar and failed his duty of loyalty and was in conflict of interest diverting funds to Urban Craftsman Homes of Florida, LLC which he owns. He also tried to intimidate me with a lawsuit if I reported the theft or mortgage fraud committed by him.

Andre Keith Sanders, Inc, (Individually and Jointly)
Urban Craftsman Homes of Florida, LLC
George H Mckelvin, III
Denny Sanders Construction, Inc.

relationship he represented to Florida Title Insurance, LLC, Suntrust Mortgage, Inc., Chicago Title Insurance, and all parties concerned. The homes are not completed, and the loans have been exhausted totally over $1M in mortgages for the parties concerned.

LOAN #0031366321 Favre
LOAN #0030623276 Stokes
LOAN # 0031366248 Bennett

He has fled to Costa Rica after we discovered the fraud and theft and I was going to Florida to inspect the properties and books. He does not have the records.

I am in the process of retaining a new attorney and will consult further. Please contact me anytime at 404-822-3031. Scott Bennett (770) 823-1658.

Regards,

Exhibit____



# STATE OF GEORGIA

## GOVERNOR'S OFFICE OF CONSUMER AFFAIRS

2 MARTIN LUTHER KING, JR. DRIVE, SE, SUITE 356
ATLANTA, GEORGIA 30334-4600
404-651-8600
*www.consumer.ga.gov*

Sonny Perdue
GOVERNOR

Joseph B. Doyle
ADMINISTRATOR

August 5, 2009

Mr. Glenn R. Favre
110 S. Columbia Drive, Unit 11
Decatur, Georgia 30030-5318

Re: Reference File Number 243138
Business Name: SunTrust Mortgage, Inc.

Dear Mr. Favre:

The Georgia Governor's Office of Consumer Affairs has received your complaint regarding SunTrust Mortgage.

The Georgia Fair Business Practices Act, the principal law our office administers, applies to unfair or deceptive consumer transactions. A "consumer transaction" is defined as "the sale, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes." Generally, transactions entered into for business purposes, investment purposes, or other similar purposes are not covered.

Upon review of your complaint, it does not appear to allege facts that constitute a violation of the laws administered by our office. However, as a courtesy to you, we have forwarded a copy of your complaint with any and all enclosures to the Federal Reserve at this address:

Federal Reserve Consumer Help
PO Box 1200
Minneapolis, Minnesota 55480
Phone: 888-851-1920
TTY: 877-766-8553
Fax: 877-888-2520
Web sites: http//www.federalreserveconsumerhelp.gov
http://www.federalreserve.gov
E-Mail: ConsumerHelp@FederalReserve.gov

Please pursue this matter directly with them. While in our opinion your situation does not fit the definition of a consumer transaction, there may be state or federal statutes whereby you could also seek redress through private legal action. In this case you should seek advice from your attorney.

Thank you for bringing your experience to our attention, and we wish you success in reaching a satisfactory resolution.

Sincerely,

Faye Allen
Customer Service Representative

JBD:fa
cc: Federal Reserve Consumer Help



# Department of Banking and Finance

2990 Brandywine Road, Suite 200
Atlanta, Georgia 30341-5565
770-986-1633
www.gadbf.org

Sonny Perdue
Governor

Robert M. Braswell
Commissioner

May 22, 2008

**VIA FAX NO. 804-674-1456**

Ms. Joan Tucker
Vice President
SunTrust Bank – Executive Services
P. O. Box 85024
Richmond, VA 23285

**VIA FAX NO. 804-675-9706**

Ms. Penelope Anderson
SunTrust Mortgage, Inc.
Legal Department
901 Semmes Ave., CS-MTG-1705
Richmond, VA 23224

Re: Georgia Chartered Bank No. 63
Glenn Favre
DBF Complaint No. 18402

Dear Ms. Tucker and Ms. Anderson:

Enclosed is a copy of a complaint which the Georgia Department of Banking and Finance received from Mr. Glenn Favre. Please review this matter and respond in writing directly to Mr. Favre with a copy, including copies of any enclosures, to the undersigned.

Please contact me, if you have any questions, or if you cannot have your response reach Mr. Favre and the undersigned within 15 business days (June 13, 2008) from the date of this letter. Thank you for your attention to this matter.

Sincerely yours,

Latosha Rose
Legal and Consumer Affairs
Phone: 770-986-5046; Fax: 770-986-1657

Enclosure

cc: Mr. Glenn Favre
110 S. Columbia Drive 11
Atlanta, GA 30030





FEDERAL RESERVE BANK of ATLANTA

ERIEN O. TERRY
*Director of Consumer Affairs*

1000 Peachtree Street NE
Atlanta, Georgia 30309-4470
888-342-5133, ext. 7361
Fax 404-498-7101
ConsumerQuestions@atl.frb.org

November 21, 2008

Mr. Glenn Favre
110 S. Columbia Drive, Unit 2
Decatur, Georgia 30030

Dear Mr. Favre:

This letter is in response to your complaint regarding SunTrust Mortgage, Inc., Richmond, Virginia. In your letter you expressed your concerns with regard to your construction-permanent loan.

Please be aware that our complaint policies mandated by the Board of Governors of the Federal Reserve System require us to carefully review every complaint we receive against one of our state member banks. While in some instances we can initiate a favorable resolution between the bank and the consumer, we are not empowered to resolve or mediate contractual disputes, disputes of fact, or to resolve cases whereby fraud has occurred. We are also unable to negotiate or mediate financial settlements on your behalf. Our regulatory responsibilities are to promote the safety and soundness of the institutions we regulate and to ensure that they comply with the federal banking consumer protection laws and regulations that under our regulatory authority. Outside of these responsibilities, we do not customarily direct the manner in which our regulated institutions manage business relationships with their customers.

We have reviewed your claims and decided that your complaint is beyond the scope of our regulatory authority. As we are not a judicial authority, you will need to take your case to the legal system to seek redress. We can only suggest that you seek legal counsel to determine your options. We realize that this is not the response you were seeking, but we trust that it will inform you of our position. If you have any questions regarding the review of your complaint, please contact our Complaints Manager, Joseph Cassar, at 888-342-5133 ext. 7361. Please be aware that our web site contains brochures of interest to consumers, which can be accessed at www.frbatlanta.org/consumer.cfm.

Sincerely,

Erien O. Terry

**EXIBIT 15**

LAW OFFICES
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
SUITE 2200
SUNTRUST FINANCIAL CENTRE
401 EAST JACKSON STREET
TAMPA, FLORIDA 33602

MIAMI OFFICE
SUITE 2200
MUSEUM TOWER
150 WEST FLAGLER STREET
MIAMI, FLORIDA 33130
(305) 789-3200

TELEPHONE (813) 223-4800
PINELLAS (727) 443-3772 • FAX (813) 222-5089
WWW.STEARNSWEAVER.COM

FT LAUDERDALE OFFICE
SUITE 2100
NEW RIVER CENTER
200 EAST LAS OLAS BOULEVARD
FT. LAUDERDALE, FLORIDA 33301
(954) 462-9600

July 17, 2009

VIA FEDERAL EXPRESS

Mr. Glenn R. Favre
110 S. Columbia Drive, Unit 11
Decatur, Georgia 30030

Re: *SunTrust Mortgage, Inc. v. Glenn R. Favre, et al*
Case No. 2008-CA-017979

Dear Mr. Favre:

I have received and reviewed the dates you provided for the hearing on SunTrust Mortgage, Inc.'s Motion to Dismiss Counterclaims, Motion for More Definite Statement and Motion to Strike Demand for Attorneys' Fees; however, I am not available on those dates. It is my understanding that you intend to appear telephonically. Further, we anticipate that one hour will be needed for the motions. Currently, August 12, 2009 at 4:00 p.m. and September 3, 2009 at 2:00 p.m. are available on Judge Barton's telephonic hearing calendar.

The following motions will be scheduled to be heard:

1. SunTrust Mortgage, Inc.'s Motion to Dismiss Counterclaims, Motion for More Definite Statement and Motion to Strike Demand for Attorneys' Fees;

2. Plaintiff SunTrust Mortgage, Inc.'s Motion to Strike Affirmative Defenses; and

3. Plaintiff/Counter Defendant SunTrust Mortgage, Inc.'s Motion to Strike Demand for Jury Trial.

If either of these dates is acceptable, we will notice the hearing and ensure that arrangements are made to allow you to participate telephonically.

EMC SEARCH, LLC
DALE CARLOUTO
Digital Signature
404-734-5166



SUBJECT ADDRESS:
1914 COLUMBUST DR LLC
Tampa, FL 30273
Glenn R. Favre Managing Member
APN:
Florida Title Insurance
Chicago Title Insurance
Underwriter Old Republic

Violations of Captive Re Insurance Violating Responsibility & Disclosure Act 2009 - Injunctive Relief and Enforcement Action by Office of Commissiner of Insurance. TIL, Ususry, Reg. Z., No 3 Day Right to Recind

CURRENT CONTACT INFO:
GLENN R. FAVRE
110 S. Columbia Dr. 11
Decatur, GA 30030
gpilotatl@me.com
404-822-3031

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION

SUNTRUST MORTGAGE, INC., a Virginia corporation

Plaintiff,

v.

JOHN A. STOKES, COX LUMBER CO., a Florida corporation, d/b/a HD SUPPLY LUMBER & BUILDING MATERIALS, et al.,

Defendants.

CASE NO. 09-04919

DIVISION C

RECEIVED

JUN 25 2009

CLERK OF CIRCUIT COURT

NOTICE OF HEARING

**TO:** TO ALL DEFENDANTS

**PLEASE TAKE NOTICE** that the undersigned attorney has set for hearing before The Honorable James M. Barton, II at the George E. Edgecomb Courthouse, 800 Twiggs Street, Tampa, Florida 33602, on **July 7, 2009, at 9:00 a.m.**, to be heard the following:

**Plaintiff SunTrust Mortgage, Inc.'s Motion to Extend Time for Service of Complaint for Foreclosure of Mortgage, Damages on Note and for Other Relief**

TIME RESERVED: 10 minutes

Certificate of Service

I, Glenn R Favre, certify that I am over the age of 18 and that on September 3, 2009, I served a copy of the foregoing Documents

Motion to Order Judgment in the following cases, SunTrust v. Favre ~Mortgage Foreclosure, by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Monica K. Gilroy
Movant
SunTrust Mortgage, Inc.
Dickenson Gilroy LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022

Alice R Honeycutt
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
SUITE 2200
SUNTRUST FINANCIAL CENTRE
401 EAST JACKSON STREET
TAMPA FLORIDA 33602

Glenn Favre pro se
110 South Columbia Drive #11
Decatur Georgia 30030
4048223031

Certificate of Service

I, Glenn R Favre, certify that I am over the age of 18 and that on August 11, 2009, I served a copy of the foregoing Documents for the Amended Counter Complaint as Amended,

Motion to Order Judgment in the following cases, SunTrust v. Favre ~Mortgage Foreclosure,

COX LUMBER CO., a Florida corporation, d/b/a HD SUPPLY LUMBER & BUILDING MATERIALS, Plaintiff, Case No: 07-CA-007640
vs.
URBAN CRAFTSMAN HOMES
OF FLORIDA, LLC, GEORGE
H.MCKELVIN,in,etal,
Defendants.

of the counter claims and Notice of
Hearing by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Monica K. Gilroy
SunTrust Mortgage, Inc.
Dickenson Gilroy LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022

Alice R Honeycutt
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
SUITE 2200
SUNTRUST FINANCIAL CENTRE
401 EAST JACKSON STREET
TAMPA FLORIDA 33602

Frederick L Mouser, Esq
1032 9th Street North (MLK)
St. Petersburg, FL 33705

Urban Craftsman Homes of Florida, LLC
Fidelity National Title
c/o Andre Sanders, Registered Agent
Patrice Wall & Tracy Griffin
2435 Central Avenue
St. Petersburg, FL 33712

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION

SUNTRUST MORTGAGE, INC., a Virginia corporation,

Plaintiff,

v.

GLENN R. FAVRE, and COX LUMBER CO., d/b/a HD SUPPLY LUMBER & BUILDING MATERIALS a/k/a HD Supply - LBM Cox Lumber Co.,

Defendants.

CASE NO.: 08-17979

DIVISION: "C"

**SUNTRUST MORTGAGE, INC.'S MOTION TO DISMISS AMENDED COUNTERCLAIMS AND MOTION TO STRIKE**

Plaintiff/Counter-Defendant, SUNTRUST MORTGAGE, INC. ("SunTrust"), by and through its undersigned counsel, hereby moves this Court for an Order dismissing pro se Defendant/Counter-Plaintiff Glenn R. Favre's ("Defendant") Amended Counterclaims, under certificate of service dated August 15, 2009, pursuant to Rule 1.140(b)(6) of the Florida Rules of Civil Procedure, and striking the redundant, immaterial and impertinent matter in the Amended Counterclaims pursuant to Rule 1.140(f). Alternatively, Sun Trust requests that Favre be required to make a more definite statement pursuant to Rule 1.140(e). In support of its motion, SunTrust states as follows:

1. Favre's Amended Counterclaims are not a "short and plain statement of the ultimate facts" required by Rule 1.110(b), but more than twenty pages of stream of consciousness regarding redundant, immaterial and impertinent matters, and dozens of equally irrelevant exhibits. The Amended Counterclaims reference Exhibits A through HH. Nonetheless, Defendant Favre has yet to serve upon SunTrust a complete, organized set of such exhibits. Indeed, the exhibits Favre has

haphazardly served via facsimile and courier are not only incomplete but contradictory. Further, to date, the Court's docket does not reflect Favre's Amended Counterclaims has even been filed with the Court. Under the Florida Rules of Civil Procedure and Florida case law, SunTrust is not required to respond to such a pleading, and the Amended Counterclaims should be dismissed. In any event, the Amended Counterclaims fail to plead a cause of action under any theory and should be dismissed with prejudice.

**Procedural History**

2. On August 7, 2008, SunTrust filed a Complaint for Foreclosure of Mortgage, Damages on Note, and For Other Relief. Defendant Favre filed an Answer and Counterclaim, and SunTrust moved to dismiss. Following a hearing, this Court granted in part and denied in part SunTrust's motion to dismiss, and granted Favre leave to amend his counterclaim.

3. Defendant Favre served Amended Counterclaims on or about August 15, 2009. The Amended Counterclaims purport to assert the following claims against SunTrust: breach of fiduciary duty; negligent representation; usury; violations of TILA, RESPA, and Regulation Z; and "unfair and deceptive trade practices RICO."

4. This action arises from a construction loan transaction in which Defendant Favre delivered to SunTrust an Adjustable Rate Note dated August 8, 2005, in the original principal amount of $248,000 (the "Note") for the construction of a single-family residence. The Note is secured by a Mortgage on the real property in Hillsborough County, Florida, supplemented and modified by an Adjustable Rate Rider and a Construction Loan Rider, all dated August 8, 2005.

5. The Amended Counterclaims apparently are based upon Defendant Favre's allegations that SunTrust improperly disbursed loan proceeds for the construction of the house on Favre's real property. Amended Counterclaims at ¶¶ 5-6.

**The Amended Counterclaims Should Be Dismissed**
**for Failure to Comply with Pleading Requirements**

6. Rule 1.110(b) of the Florida Rules of Civil Procedure requires that claims be stated simply, in short and plain language. "Pro se litigants are not immune from the rules of procedure." Kozich v. Kozokoff, 945 So. 2d 533 (Fla. 4th DCA 2007." Prolixity in pleadings is forbidden. Hotel & Restaurant Employees and Bartenders Union v. Boca Raton Club, Inc., 73 So. 2d 867, 870 (Fla. 1954).

7. Defendant Favre's 21-page Amended Counterclaims make allegations ranging from "Ponzi Scheme," "straw buyers," "kickbacks," "extort[ion]," "pain and suffering", the FBI, the SEC and "Index Annuity Hedge fund" to "Goldman Sachs," none of which have any relevance to the simple $248,000 construction loan in this case. The exhibits Favre has actually served on the undersigned include extraneous documents such as pleadings from Favre's bankruptcy case and other lawsuits, Wachovia Bank statements for non-parties, FBI press releases regarding non-parties, immaterial correspondence with Wells Fargo Bank and others, various unsigned forms and bulletins, criminal court dockets for non-parties and law firm invoices. Id., Exhibits F, L, M, Q, U, Z, CC, DD, GG. Furthermore, such exhibits are incomplete.

8. Because the Amended Counterclaims do not constitute a "short and plain statement of the ultimate facts showing that Favre is entitled to relief, they should be dismissed. See Fla. R. Civ. P. 1.10(b); Kozich, 945 So. 2d 533.[1]

9. SunTrust further moves to strike these redundant, immaterial, impertinent and scandalous allegations and exhibits pursuant to Rule 1.140(f).

10. In addition to including numerous immaterial exhibits, Favre has not served all of the exhibits referenced in his Amended Counterclaims. SunTrust moves to dismiss Defendant's Amended Counterclaims pursuant to Florida Rule of Civil Procedure 1.130(a). Defendant's amended counter claim relies upon exhibits attached to the pleading which he asserts provide support for the allegations contained in his amended counterclaim. Defendant's exhibits fail to provide clear, unambiguous support for any of Defendant's allegations in his counter claim, and are unnecessary recitals which address matters unrelated to SunTrust's foreclosure action. Additionally, Defendant's Amended Counterclaims purports to rely upon exhibits that were not attached to the amended counter claim and have not been provided to SunTrust.

11. Alternatively, SunTrust requests Defendant to make a more definite statement pursuant to Rule 1.140(e) since Defendant's Amended Counter Claim is so vague and ambiguous such that SunTrust cannot reasonably be required to frame a responsive pleading.

---

[1] "It is a long established rule of law that an original pleading is superseded by an amended pleading which does not indicate an intention to preserve any portion of the original pleading." Arthur v. Hillsborough County Bd. of Criminal Justice, 588 So. 2d 236, 237 (Fla. 2d DCA 1991). SunTrust hereby moves to dismiss the operative pleading, Favre's Amended Counterclaims, and does not address any claims asserted in Favre's superseded, original Counterclaim. To the extent Favre contends he has not abandoned the original counterclaims, SunTrust reserves all rights thereto and respectfully requests an extension of time in which to respond.

**The Amended Counterclaims Fail to State a Cause of Action**

**Dismissal Standard**

12. When ruling on a motion to dismiss pursuant to Rule 1.140(b)(6) of the Florida Rules of Civil Procedure, the trial court must read all allegations of the complaint as true. Southeast Medical Products, Inc., v. Williams, 718 So. 2d 306, 307 (Fla. 2d DCA 1998). The trial court is not bound by a plaintiff's interpretation of attached exhibits. Ginsberg v. Lennar Florida Holdings, Inc., 645 So. 2d 490, 494 (Fla. 3d DCA 1994)(citing N.C. Brandon v. County of Pinellas, 141 So. 2d 278 (Fla. 1962)).

13. Defendant Favre's Amended Counterclaims should be dismissed because they fail to state a cause of action against SunTrust. Certainty is required in the pleading of a defense or counterclaim. Facts upon which the Defendant relies must be pled in such a manner as to reasonably inform SunTrust of what the Defendant proposes to prove in order to provide SunTrust a clear opportunity to respond. Zito v. Washington Fed. Savings & Loan Ass'n o Miami Beach, 318 So.2d 175, 176 (Fla. 3d DCA 1975); Pegg v. Bertram, 175 So. 2d 918 (Fla. 3d DCA 1965).

**Breach of Fiduciary Duty Counterclaim**

14. Because Favre again has failed to plead a cause of action for breach of fiduciary duty, this amended counterclaim should be dismissed. Defendant Favre first attempts to reassert an amended counterclaim against SunTrust for breach of fiduciary duty. Amended Counterclaims at ¶¶ 1-24. Count II of the original counterclaim was dismissed due to the absence of sufficient allegations to establish a fiduciary relationship between the parties. Defendant Favre has failed to allege any additional facts which would impose a fiduciary duty on the bank. As a matter of law, SunTrust's creditor-debtor relationship with Favre is insufficient to create a fiduciary duty.

Therefore, this counterclaim should be dismissed. Watkins v. NCNB National Bank of Florida, 622 So. 2d 1063 (Fla. 3d DCA 1993). Defendant Favre fails to allege any special circumstances that would give rise to any duty other than one between lender and borrower.

15. Further, the allegations are directly contradicted by the Residential Construction Loan Agreement attached to Favre's pleadings, which expressly states that Favre warrants at the time of each advance that (1) all funds heretofore advanced have been used solely to pay for labor, materials, and fixtures used or on hand and to be used in the Residence and Borrower has written evidence to support this warranty; (2) the Property is free and clear of all liens; (3) all bills for labor, materials, and fixtures used or to be used in the Residence have been paid; and (4) no one has a valid legal right to assert a lien. Defendant Favre's Answer, Affirmative Defenses and Counterclaims, Exhibit 1. These provisions, as a matter of law, preclude Favre's breach of fiduciary duty claim against SunTrust. Under Florida law, the parole evidence rule bars admission of extrinsic evidence which would vary or contradict the unambiguous language of a contract.

16. Favre further alleges SunTrust failed to obtain lien waivers and that Favre was damaged by subcontractor liens attaching to the property. The remedy, if any, is provided by Chapter 713, Florida Statutes.

17. The breach of fiduciary duty counterclaim is barred by the economic loss doctrine. Sobi v. First South Bank, 946 So. 2d 615 (Fla. 1st DCA 2007).

**Negligent Misrepresentation Counterclaim**

18. Defendant Favre again attempts to assert a counterclaim for negligent misrepresentation. Amended Counterclaim at ¶¶ 25-44. This time, Favre has added incomprehensible allegations regarding "Ponzi Scheme," "straw buyers, " "Mortgage Fraud,"

"kickbacks," "extort[ion]," "pain and suffering", the FBI, the SEC, "Index Annuity Hedge fund," "Goldman Sachs," and other cases not before this Court. Id. at ¶¶ 25, 32, 34, 39, 41. Like Favre's first attempt, however, the amended counterclaim should be dismissed for failure to state a cause of action for negligent misrepresentation because it lacks the necessary factual allegations to support such a claim.

19. The facts and circumstances of a negligent misrepresentation claim are required to be plead with specificity. The Amended Counterclaims consist of rambling, conclusory allegations, not supported by specific facts. Favre fails to identify the representation, who made the misrepresentation, what was stated, to whom and when. Favre fails to state how the statement was false, Favre's reliance and damages caused by such representations.

20. Moreover, because the Amended Counterclaims allege oral agreements between the parties to a written contracts which were made before or at the time of execution of the contracts, the counterclaim is barred by the parole evidence rule.

21. Further, such amended counterclaim is barred by the economic loss rule. Favre alleges failure to obtain lien waivers. The remedy, if any, is provided by Chapter 713, Florida Statutes. The amended counterclaim is further barred by the economic loss doctrine, and should be dismissed.

**<u>TILA, RESPA and Regulation Z Counterclaim</u>**

22. Defendant Favre attempts to assert a counterclaim for rescission based upon "Violations of RESPA, TILA and Reg. Z." Amended Counterclaims at ¶¶ 45-57. Pursuant to Rule 1.110(f) of the Florida Rules of Civil Procedure, "each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . .." Accordingly, each statutory and regulatory

claim must be pled in a separate count. Because the Defendant Favre attempts to assert several claims in this single count, it should be dismissed.

23. Under the Federal Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), and its Regulation Z, a consumer may be entitled to rescind or recover from a creditor for the failure to make disclosures which are of material importance.

24. However, a borrower may not assert his right of rescission after TILA's three-year period of limitations has run. 15 U.S.C. § 1635(f). A borrower's TILA right of rescission expires three years after the loan closes or upon the sale of the secured property, whichever date is earlier. Here, as set forth in the exhibits to the Amended Counterclaims, Favre's loan closed August 8, 2005. Favre did not assert this TILA claim for rescission against SunTrust until August 15, 2009, more than a year after the TILA limitations period had expired. The United States Supreme Court has held, "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." Beach v. Ocwen Federal Bank, 523 U.S. 410, 412, 118 S. Ct. 1408, 1409 (1998).[2] Favre's TILA and Regulation Z claim is time barred. See 15 U.S.C. §§ 1635(f), 1640(e). Because Favre's TILA/Regulation Z counterclaim is barred by the limitations period, the this count should be dismissed.

25. The Amended Counterclaims further fail to plead a civil cause of action under TILA as set forth in 15 U.S.C. §§ 1601, et seq., including the failure to plead that the loan was secured by his "principal dwelling." 15 U.S.C. §1635. Indeed, the exhibits to the Amended Counterclaims,

---

[2] To the extent Favre is asserting a TILA claim for damages, such a claim is barred by TILA's one-year statute of limitations for damage claims. 15 U.S.C. § 1640(e).

which control on a motion to dismiss, indicate that SunTrust did provide the required TILA disclosures. Amended Counterclaims, Exhibits "F" and "G".

26. Defendant Favre now alleges in the Amended Counterclaims that the transaction at issue was a "commercial" "investment" loan. Amended Counterclaims at ¶¶ 1, 12, 19, 39, 44.

27. To the extent this was not a consumer credit transaction, TILA and Regulation Z are inapplicable as a matter of law. 15 U.S.C. §§ 1602, 1603(1), 1635, 1640; 12 C.F.R. § 226. Favre fails to plead facts supporting a claim under TILA or Regulation Z, and such counterclaim should be dismissed.

28. Although the Amended Counterclaims include references to "RESPA," Defendant Favre fails to cite any facts or statutory citations alleging how the Federal Real Estate Settlement Procedure Act was allegedly violated by SunTrust or that there is a private right of action for such alleged violation. The Amended Counterclaims fail to provide SunTrust with sufficient information for SunTrust to be able to respond to such a claim. Absent factual allegations regarding the elements of a RESPA violation, any such counterclaim should be dismissed.

**Usury Counterclaim**

29. The Amended Counterclaims purport to assert a claim for usury. Amended Counterclaims at ¶¶ 57-61. The four elements necessary to establish a usurious transaction are (a) a loan express or implied; (b) an understanding between the parties that the money lent shall be returned; (c) that for such a loan a greater rate of interest than is allowed by law shall be paid or agreed to be paid; and (d) there must exist a corrupt intent to take more than the legal rate for the use of the money loaned. Rebman v. Flagship First National Bank of Highlands County, 472 So. 2d 1360 (Fla. 2d DCA 1985); see Dixon v. Sharp, 276 So. 2d 817 (Fla. 1973).

30. Since August 2005, SunTrust disbursed at least $232,038.58 in loan proceeds to Favre. Defendant Favre's Answer, Affirmative Defenses and Counterclaims, Exhibit 2; Amended Counterclaims, Exhibit K. According to the Note at issue in this case, the Maximum Rate of interest that could have been charged Favre was 11.25% per annum.

31. Favre's allegations regarding "fair market values" are irrelevant to a claim for usury. The Amended Counterclaim fails to allege facts showing that SunTrust charged more than the legal rate for the use of the money loaned, nor could it. Under Florida law, "any exhibit attached to a pleading is part of the pleading for all purposes, and if an attached document negates a pleader's cause of action, the plain language of the document will control and may be the basis for a motion to dismiss." Southeast Medical Products, Inc. v. Williams, 718 So. 2d 306, 307 (Fla. 2d DCA 1998). As such, the usury counterclaim should be dismissed.

**Unfair and Deceptive Trade Practices Rico Claim[3]**

32. In Paragraph 63 of the Amended Counterclaims, Defendant Favre apparently attempts to assert either a "RICO" or "unfair and deceptive trade practices" claim. This count merely references other cases in which SunTrust is a party. Amended Counterclaims at ¶ 63. These other cases are irrelevant to the matter before this Court. Moreover, the Amended Counterclaims fall far short of pleading facts sufficient to support a claim for RICO or unfair and deceptive trade practices. As such, Favre's counterclaim for RICO or unfair and deceptive trade practices should be dismissed.

**Failure to Attach Documents as Exhibits**

The Wimer Cases" NC

[3] To the extent Defendant Favre is attempting to assert an "unclean hands" counterclaim, it should be dismissed. See Amended Counterclaims at ¶ 62. Unclean hands is a defense, not an affirmative claim.

Alan Archambault. FL
Belmont Holdings v. STI