```
                                              ENTERED ON DOCKET
                                              OCTOBER 22, 2009
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GLENN R. FAVRE, | ) | CASE NO. 08-85264 - MHM |
| | ) | |
| Debtor. | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| | ) | |
| GLENN R. FAVRE, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | **CONTESTED MATTER** |
| | ) | |
| SUNTRUST MORTGAGE, INC., | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING EMERGENCY MOTION**

On October 13, 2009, Debtor filed an *Emergency Motion for Injunctive Relief and Summary Judgment* [Doc. No. 32] (the "Motion"). Handwritten in the caption is "Wilful (sic) violation 362(b)." The motion itself is incomplete, unclear and not signed by Debtor. Attached to the Motion is a pleading apparently filed in a Florida court.

Debtor received a Chapter 7 discharge April 7, 2009. The discharge injunction of 11 U.S.C. §524 arises upon the entry of a debtor's discharge and replaces the automatic stay of 11 U.S.C. §362(a). Section 362(b) is a list of matters to which the automatic stay of §362(a) does *not* apply.

Due to the paucity of information and reasoning in the Motion and the inapplicability of the Bankruptcy Code section cited in the motion, the relief sought and the nature of the emergency are unclear; accordingly, it is hereby

**ORDERED** that the Motion is *denied* without prejudice.

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Debtor, counsel for Debtor, Respondent, counsel for Respondent, and the Chapter 13 Trustee.

IT IS SO ORDERED, this the 22nd day of October, 2009.

_____
MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE