UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT GEORGIA

| | |
|---|---|
| GLENN ROYCE FAVRE,<br><br>     Claimant,<br><br> -versus-<br><br>Judge Franklin Biggins<br>Veronica Biggins<br>     Defendant, | Adversary Proceeding No:_____<br><br>Case No,:08-85264 - mhm<br><br>Judge Honorable Margaret Murphy |



FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

M. REGINA THOMAS,
CLERK

09-9079

## COMPLAINT

Glenn R Favre ("Plaintiff") herby files this Complaint for Judicial Misconduct, Unclean Hands, tortuous interference, estoppels, Fraud in the inducement, malicious intent to harm, misrepresentation, Breach of Contract, quantum merit and unjust enrichment, against Judge Franklin Biggins and Veronica Biggins ("Defendant") alleging as follows:

## PARTIES

1

Plaintiff is and individual under the protection of this Honorable Court and the rulings of the Honorable Judge Margaret Murphy, which resides in this Jurisdiction.

2

Defendant, Judge Franklin Biggins and Veronica Biggins are individuals residing in the State of Georgia in Fulton County, 136 Peachtree Circle, Atlanta Georgia 30306.

## JURISDICTION

3

Jurisdiction and venue are proper in this court under the facts and circumstances set forth herein which include defendant's residence with in the Northern District of Georgia.

4

### Promissory Estoppels

Plaintiff claims an enforceable promise existed between the parties because plaintiff justifiably relied on a promise made by the defendant. The plaintiff has the burden of proving:

[1] Mr. and Mrs. Biggins promised Glenn Favre that they would pay Glenn Favre for the repairs to Defendants home in April 2007.

[2] Glenn Favre states that Defendant breached the contract and then filed a lawsuite against Plaintiff and that of his company and did not serve Plaintiff until 2008.

[4] Franklin Biggins intentionally had the Plaintiff's summons served by Judge Biggins own Bailiff the day Judge Biggins was to hear the trial of Top to Bottom Renovations v. Martin.

[5] The Plaintiff was to have another case before the Magistrate Court, and unaware to the Plaintiff, Judge Biggins ruled in favor of the Defendant, without any notification to the Plaintiff and was un aware of the trial.

[6] Judge Biggins then falsely stated that the Plaintiff agreed to have the case of Biggins v Top to Bottom and Glenn Favre heard in 60 days

[7] Presiding over his own case ruled in favor of his wife Veronica Biggins and awarded her $1800.00

[8] The Biggins expected or reasonably should have expected that their actions and interference would cause Glenn Favre to become financially burdened when Plaintiff was not entitled to have his lawsuits heard by an impartial judicial process.

[9] Not being able to be reimbursed for and in turn financing the repairs of the defendants home, because Judge Biggins intentional conflict of interest and not allowing the cases to be heard caused the Plaintiff to file protection under 11 USC Chapter 7.

[10] As a result, the Plaintiff has had to retain counsel, file for protection under 11 USC Chapter 7, and this HONORABLE COURTS PROTECTION OF THE DISCHARGE THROUGH 11 USC 524), forced to close his business, been foreclosed upon his primary residence, lost his personnel transportation, investments and all savings in an attempt to have the Defendant pay for what he promised.

[7] The Plaintiff's health has deteriorated and because of the undue stress and the onset of Post Financial Traumatic Stress Disorder (PSFTD) and is unable to sustain gainful employment because of PSFTD.

5

**WHEREFORE,** Claimant requests and prays that this Honorable Court and that of the Honorable Margaret Murphy:

(a) grant Plaintiff a judgment against the Defendant for the amount fully allowed that this court deems just and necessary.

(b) grant Plaintiff a reversal of the voluntary petition of Claimants Chapter 7 filed December 9, 2008.

(c) grant all other relief deems just and necessary

(d) request that Defendant's litigious actions be forwarded to the Proper State and Federal authorities for Criminal Prosecution as the Honorable Judge Margaret Murphy deems proper.

Respectfully submitted this 16th day of October, 2009

*[signature]*
Glenn R Favre Claimant

110 South Columbia Drive #11
Decatur, Georgia 30030
4043731137

B104 (FORM 104) (08/07)

**09-9079**

FILED IN CLERK'S OFFICE
BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

OCT 30 2009

M. REGINA THOMAS, CLERK
BY: _Heather_ DEPUTY CLERK

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>*GLENN R FAVRE PRO SE* | **DEFENDANTS**<br>*JUDGE FRANKLIN BIGGINS AND VERONICA BIGGINS* |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>*110 SOUTH COLUMBIA DRIVE #11 DECATUR GEORGIA 30030* | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☒ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
*JUDICIAL MISCONDUCT ON THE PART OF JUDGE BIGGINS LAWSUITE IN 2007 CASUED TWO OTHER CASES PENDING IN MAGISTRATE COURT TO NOT BE HEARD. HE HAD BOTH CASES CALANDARED KNOWING THAT HE HAD A CONFLICT OF INTEREST, AND THEN RULED ON A CASE THAT HE WAS PERSONALLY A PARTY TO: BIGGINS V GLENN FAVRE INDIVIDUALLY AND WHOLEFAVRE AND TOP TO BOTTOM RENOVAITONS AWARDING HIS WIFE JUDGEMENT OF $1800.00 WITH YOU NOTICE TO MY ATTORNEY AT THE TIME OR ME.*

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

FRBP 7001(1) – Recovery of Money/Property
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

FRBP 7001(2) – Validity, Priority or Extent of Lien
☐ 21-Validity, priority or extent of lien or other interest in property

FRBP 7001(3) – Approval of Sale of Property
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

FRBP 7001(4) – Objection/Revocation of Discharge
☒ 41-Objection/ revocation of discharge - §727(c),(d),(e)

FRBP 7001(5) – Revocation of Confirmation
☐ 51-Revocation of confirmation

FRBP 7001(6) – Dischargeability
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

FRBP 7001(6) – Dischargeability (continued)
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

FRBP 7001(7) – Injunctive Relief
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

FRBP 7001(8) Subordination of Claim or Interest
☐ 81-Subordination of claim or interest

FRBP 7001(9) Declaratory Judgment
☒ 91-Declaratory judgment

FRBP 7001(10) Determination of Removed Action
☐ 01-Determination of removed claim or cause

Other
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) *JUCDICIAL MALPRACTICE*

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ *10,000,000.00* |

Other Relief Sought *REMOVAL OF JUDGE BIGGINS FROM BENCH, REMOVAL FOR THE GEORGIA BAR AND THAT OF THE AMERICAN BAR ASSOCIATIONAND THAT HIS HOUSE BE DONATED TO HOPE IN THE NAME OF GRFPLANES*

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *Glenn R Favre pro se* | BANKRUPTCY CASE NO. *08-ca-85264-mhm* | |
| DISTRICT IN WHICH CASE IS PENDING *Northern* | DIVISION OFFICE *Atlanta* | NAME OF JUDGE *Margarett Murphy* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF *Glenn Favre* | DEFENDANT *Ray Martin and John Macklin* | ADVERSARY PROCEEDING NO. *09-ap-9070/09-ap-9071* |
| DISTRICT IN WHICH ADVERSARY IS PENDING *Northern* | DIVISION OFFICE *Atlanta* | NAME OF JUDGE *Margaret Murphy* |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature]* | | |
| DATE *10/28/2009* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *Glenn R. Favre pro se* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# 09-9079 Judge MHM

## NEW ADVERSARY CHECKLIST

(✓) Complete Filing
(  ) Incomplete Filing

**Check-mark the following documents that are missing:**

(  ) Summons
(  ) Adversary Cover Sheet
(  ) Complaint

Customer was given:

☐ Letter Attached

☐ Summons ☐ Adversary Cover Sheet
At Intake Counter Date_____

☐ Summons ☐ Adversary Cover Sheet
Sent via US mail Date_____

| **FEE** |
| --- |
| PAID _____ |
| DEFERRED _____ |
| NOT REQUIRED ✓ _____ |