B25B (Official Form 25B) (12/08)

Filed in U.S. Bankruptcy Court
Atlanta, Georgia

## United States Bankruptcy Court

Northern _____ District of Georgia _____

DEC   **9** 2009

M. Regina Thomas, Clerk

In re *Glenn R Favre* _____ ,

Debtor

Case No. 08-85264-mhm

By: _____

Deputy Clerk

Small Business Case under Chapter 11

## [NAME OF PLAN PROPONENT]'S DISCLOSURE STATEMENT, DATED [INSERT DATE]

### *Table of Contents*

[Insert when text is finalized]

**B25B (Official Form 25B) (12/08)**

# United States Bankruptcy Court

<u>Northern</u> _____ District of <u>Georgia</u> _____

In re <u>*Glenn R Favre*</u>_____,          Case No. <u>08-85264-mhm</u>_____

     Debtor

Small Business Case under Chapter 11

<u>[NAME OF PLAN PROPONENT]'S DISCLOSURE STATEMENT,</u> DATED [INSERT DATE]

*Table of Contents*

[Insert when text is finalized]

B25B (Official Form 25B) (12/08) – Cont.                                                                2

## I.    INTRODUCTION

This is the disclosure statement (the "Disclosure Statement") in the small business chapter 11 case of Glenn R Favre    (the "Debtor"). This Disclosure Statement contains information about the Debtor and describes the [insert name of plan] (the "Plan") filed by [the Debtor] on [insert date].   A full copy of the Plan is attached to this Disclosure Statement as Exhibit A. *Your rights may be affected. You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.*

The proposed distributions under the Plan are discussed at pages __-__ of this Disclosure Statement. [General unsecured creditors are classified in Class *2*_, and will receive a distribution of 100 % of their allowed claims, to be distributed as follows Per judgment .]

### A.    Purpose of This Document

This Disclosure Statement describes:

- The Debtor and significant events during the bankruptcy case,
- How the Plan proposes to treat claims or equity interests of the type you hold (*i.e.*, what you will receive on your claim or equity interest if the plan is confirmed),
- Who can vote on or object to the Plan,
- What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan,
- Why [the Proponent] believes the  Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation, and
- The effect of confirmation of the Plan.

Be sure to read the Plan as well as the Disclosure Statement. This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

### B.    Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing

The Court has not yet confirmed the Plan described in this Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

### *Top Be determined*

The hearing at which the Court will determine whether to [finally approve this Disclosure Statement and] confirm the Plan will take place on _[insert date]_, at [insert time], in Courtroom _____, at the [Insert Courthouse Name, and Full Court Address, City, State, Zip Code].

### 2.    *December 9, 2009*

B25B (Official Form 25B) (12/08) – Cont.                                                                  3

   If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot in the enclosed envelope to [insert address]. See section IV.A. below for a discussion of voting eligibility requirements.

   Your ballot must be received by [insert date] or it will not be counted.

   3. *Deadline For Objecting to the [Adequacy of Disclosure and] Confirmation of the Plan*

   Objections to [this Disclosure Statement or to] the confirmation of the Plan must be filed with the Court and served upon [insert entities] by [insert date].

   4. *N/A*

   If you want additional information about the Plan, you should contact [insert name and address of representative of plan proponent].

   C. **Disclaimer**

   *The Court has [conditionally] approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms. The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted. [The Court's approval of this Disclosure Statement is subject to final approval at the hearing on confirmation of the Plan. Objections to the adequacy of this Disclosure Statement may be filed until _____.]*

II. **BACKGROUND**

   A. **Description and History of the Debtor's Business**

   The Debtor is a [corporation, partnership, etc.]. Since [insert year operations commenced], the Debtor has been in the business of FAVRE AND BENNETT AND TOP TO BOTTOM *INVESTMENT REAL ESTATE COMPANY AND*

   B. **Insiders of the Debtor**   *HOME RENOVAITONS.*

*ALLEN SCOTT BENNETT (FAVRE AND BENNETT LLC .*
*JOHN A. STOKES (181615 TH AVE LLC)*
*DALE CAPELOUTO (TOP TO BOTTOM RENOVATIONS*

   C. **Management of the Debtor Before and During the Bankruptcy**

   During the two years prior to the date on which the bankruptcy petition was filed, the officers, directors, managers or other persons in control of the Debtor (collectively the "Managers") were [List the Managers of the Debtor prior to the petition date].

B25B (Official Form 25B) (12/08) – Cont.                                                    4

The Managers of the Debtor during the Debtor's chapter 11 case have been: [List Managers of the

*DALE CAPELOUTO AND GLENN R. FAVRE*

After the effective date of the order confirming the Plan, the directors, officers, and voting trustees of the Debtor, any affiliate of the Debtor participating in a joint Plan with the Debtor, or successor of the Debtor under the Plan (collectively the "Post Confirmation Managers"), will be: [List Post Confirmation Managers of the Debtor.] The responsibilities and compensation of these Post Confirmation Managers are described in section __ of this Disclosure Statement.

D.    **Events Leading to Chapter 11 Filing**

*SEE 09-AP-09069 AND 09-AP-09075*

E.    **Significant Events During the Bankruptcy Case**

*SEE 09-AP-09069 AND 09-AP-09075*

- Describe any asset sales outside the ordinary course of business, debtor in possession financing, or cash collateral orders.
- Identify the professionals approved by the court.
- Describe any adversary proceedings that have been filed or other significant litigation that has occurred (including contested claim disallowance proceedings), and any other significant legal or administrative proceedings that are pending or have been pending during the case in a forum other than the Court.
- Describe any steps taken to improve operations and profitability of the Debtor.
- Describe other events as appropriate.]

F.    **Projected Recovery of Avoidable Transfers [Choose the option that applies]**

*THE DEBTOR DOES CHOSE OPTION2*

[Option 2 – If the Debtor intends to pursue avoidance actions]

The Debtor estimates that up to $ 4,300,000,000 _____ may be realized from the recovery of fraudulent, preferential or other avoidable transfers. While the results of litigation cannot be predicted with certainty and it is possible that other causes of action may be identified, the following is a summary of the preference, fraudulent conveyance and other avoidance actions filed or expected to be filed in this case:

| Transaction | Defendant | Amount Claimed |
|---|---|---|
| 09-AP-09069 | SunTrust Mortgage Suntrust Bank, Gold man Sachs, Filedlity | 4,000,000,000 |
| 09-ap-09070 thru 75 | KRELL, MILLER,MACKLIN, LESESNEE | 300,000 |

[Option 3 – If the Debtor does not yet know whether it intends to pursue avoidance actions]

B25B (Official Form 25B) (12/08) – Cont.                                                                5

The Debtor has not yet completed its investigation with regard to prepetition transactions. If you received a payment or other transfer within 90 days of the bankruptcy, or other transfer avoidable under the Code, the Debtor may seek to avoid such transfer.

### G.    Claims Objections

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. The procedures for resolving disputed claims are set forth in Article V of the Plan.

### H.    Current and Historical Financial Conditions

The identity and fair market value of the estate's assets are listed in Exhibit B. [Identify source and basis of valuation.]

The Debtor's most recent financial statements [if any] issued before bankruptcy, each of which was filed with the Court, are set forth in Exhibit C.

[The most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case are set forth in Exhibit D.] [A summary of the Debtor's periodic operating reports filed since the commencement of the Debtor's bankruptcy case is set forth in Exhibit D.]

## III.    SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

### A.    What is the Purpose of the Plan of Reorganization?

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

### B.    Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has *not* placed the following claims in any class:

#### 1.    *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

**B25B (Official Form 25B) (12/08) – Cont.**                                                    6

      The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|------|-----------------------|--------------------|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | | Paid in full on the effective date of the Plan, or according to terms of obligation if later |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date | | Paid in full on the effective date of the Plan, or according to terms of obligation if later |
| Professional Fees, as approved by the Court. | | Paid in full on the effective date of the Plan, or according to separate written agreement, or according to court order if such fees have not been approved by the Court on the effective date of the Plan |
| Clerk's Office Fees | | Paid in full on the effective date of the Plan |
| Other administrative expenses | | Paid in full on the effective date of the Plan or according to separate written agreement |
| Office of the U.S. Trustee Fees | | Paid in full on the effective date of the Plan |
| TOTAL | | |

      2.    *Priority Tax Claims*

      Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

B25B (Official Form 25B) (12/08) – Cont.                                                    7

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

| Description (name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
|  |  |  | Pmt interval = <br> [Monthly] payment = <br> Begin date = <br> End date = <br> Interest Rate % = <br> Total Payout Amount = $ |
|  |  |  | Pmt interval = <br> [Monthly] payment = <br> Begin date = <br> End date = <br> Interest Rate % = <br> Total Payout Amount = $ |

### C.    Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

####    1.    *Classes of Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code.  If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will [be classified as a general unsecured claim].

B25B (Official Form 25B) (12/08) – Cont.                                                    8

The following chart lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment | |
|---|---|---|---|---|---|
| | Secured claim of: Name = <br><br> Collateral description = <br><br> Allowed Secured Amount = $_____ <br><br> Priority of lien = <br><br> Principal owed = $_____ <br> Pre-pet. arrearage = $_____ <br><br> Total claim = $_____ | | [State whether impaired or unimpaired] | [Monthly] Pmt <br><br> Pmts Begin <br><br> Pmts End <br><br> [Balloon pmt] <br><br> Interest rate % <br><br> Treatment of Lien <br><br> [Additional payment required to cure defaults] | = <br><br> = <br><br> = <br><br> = <br><br> = <br><br> = <br><br> = |
| | Secured claim of: Name = <br><br> Collateral description = <br><br> Allowed Secured Amount = $_____ <br> Priority of lien = <br><br> Principal owed = $_____ <br> Pre-pet. arrearage = $_____ <br><br> Total claim = $_____ | | [State whether impaired or unimpaired] | Monthly Pmt <br><br> Pmts Begin <br><br> Pmts End <br><br> [Balloon pmt] <br><br> Interest rate % <br><br> Treatment of Lien <br><br> [Additional payment required to cure defaults] | = <br><br> = <br><br> = <br><br> = <br><br> = <br><br> = <br><br> = |

2.      *Classes of Priority Unsecured Claims*

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

B25B (Official Form 25B) (12/08) – Cont.                                                    9

The following chart lists all classes containing claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| | Priority unsecured claim pursuant to Section [insert]<br><br>Total amt of claims = $ | [State whether impaired or unimpaired] | |
| | Priority unsecured claim pursuant to Section [insert]<br><br>Total amt of claims = $ | [State whether impaired or unimpaired] | |

3.      *Class[es] of General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. [Insert description of §1122(b) convenience class if applicable.]

The following chart identifies the Plan's proposed treatment of Class[es] __ through __, which contain general unsecured claims against the Debtor:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| | [1122(b) Convenience Class] | [State whether impaired or unimpaired] | [Insert proposed treatment, such as "Paid in full in cash on effective date of the Plan or when due under contract or applicable nonbankruptcy law"] |
| | General Unsecured Class | [State whether impaired or unimpaired] | Monthly Pmt           =<br> Pmts Begin           =<br>Pmts End              =<br>[Balloon pmt]        =<br>Interest rate % from<br>[date]                  =<br>Estimated percent of  =<br>claim paid |

4.      *Class[es] of Equity Interest Holders*

B25B (Official Form 25B) (12/08) – Cont.                                                    10

Equity interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company ("LLC"), the equity interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the equity interest holder.

The following chart sets forth the Plan's proposed treatment of the class[es] of equity interest holders: [There may be more than one class of equity interests in, for example, a partnership case, or a case where the prepetition debtor had issued multiple classes of stock.]

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| | Equity interest holders | [State whether impaired or unimpaired] | |

D.    **Means of Implementing the Plan**

1.    *Source of Payments*

Payments and distributions under the Plan will be funded by the following:

[Describe the source of funds for payments under the Plan.]

2.    *Post-confirmation Management*

The Post-Confirmation Managers of the Debtor, and their compensation, shall be as follows:

| Name | Affiliations | Insider (yes or no)? | Position | Compensation |
|------|--------------|----------------------|----------|--------------|
| | | | | |
| | | | | |
| | | | | |

E.    **Risk Factors**

The proposed Plan has the following risks:

[List all risk factors that might affect the Debtor's ability to make payments and other distributions required under the Plan.]

F.    **Executory Contracts and Unexpired Leases**

**B25B (Official Form 25B) (12/08) – Cont.**                                                          11

The Plan, in Exhibit 5.1, lists all executory contracts and unexpired leases that the Debtor will assume under the Plan. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any. Exhibit 5.1 also lists how the Debtor will cure and compensate the other party to such contract or lease for any such defaults.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed in Exhibit 5.1 will be rejected under the Plan. Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

*[The Deadline for Filing a Proof of Claim Based on a Claim Arising from the Rejection of a Lease or Contract Is _____. Any claim based on the rejection of a contract or lease will be barred if* the proof of claim is not timely filed, unless the Court orders otherwise.]

### G.     Tax Consequences of Plan

*Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, And/Or Advisors.*

The following are the anticipated tax consequences of the Plan: [List the following general consequences as a minimum: (1)Tax consequences to the Debtor of the Plan; (2) General tax consequences on creditors of any discharge, and the general tax consequences of receipt of plan consideration after confirmation.]

### IV.     CONFIRMATION REQUIREMENTS AND PROCEDURES

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code. These include the requirements that: the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible. These requirements are not the only requirements listed in § 1129, and they are not the only requirements for confirmation.

B25B (Official Form 25B) (12/08) – Cont.                                              12

A.      **Who May Vote or Object**

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Plan Proponent believes that classes _____ are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Plan Proponent believes that classes _____ are unimpaired and that holders of claims in each of these classes, therefore, do not have the right to vote to accept or reject the Plan.

1.      *What Is an Allowed Claim or an Allowed Equity Interest?*

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest. When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

*The deadline for filing a proof of claim in this case was _____.*
*[If applicable – The deadline for filing objections to claims is_____.]*

2.      *What Is an Impaired Claim or Impaired Equity Interest?*

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is *impaired* under the Plan. As provided in § 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

3.      *Who is **Not** Entitled to Vote*

The holders of the following five types of claims and equity interests are *not* entitled to vote:

- holders of claims and equity interests that have been disallowed by an order of the Court;

- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.

- holders of claims or equity interests in unimpaired classes;

B25B (Official Form 25B) (12/08) – Cont.                                                    13

- holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; and

- holders of claims or equity interests in classes that do not receive or retain any value under the Plan;

- administrative expenses.

***Even If You Are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan [and to the Adequacy of the Disclosure Statement].***

4.    *Who Can Vote in More Than One Class*

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

B.    **Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cram down" on non-accepting classes, as discussed later in Section [B.2.].

1.    *Votes Necessary for a Class to Accept the Plan*

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

2.    *Treatment of Nonaccepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed by § 1129(b) of the Code. A plan that binds nonaccepting classes is commonly referred to as a "cram down" plan. The Code allows the Plan to bind nonaccepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.

***You should consult your own attorney if a "cramdown" confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.***

B25B (Official Form 25B) (12/08) – Cont.                                                          14

### C.    Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation.  A liquidation analysis is attached to this Disclosure Statement as Exhibit E.

### D.    Feasibility

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

#### 1.    *Ability to Initially Fund Plan*

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date.  Tables showing the amount of cash on hand on the effective date of the Plan, and the sources of that cash are attached to this disclosure statement as Exhibit F.

#### 2.    *Ability to Make Future Plan Payments And Operate Without Further Reorganization*

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments.

The Plan Proponent has provided projected financial information.  Those projections are listed in Exhibit G.

The Plan Proponent's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses and post-confirmation taxes, of $_–_. The final Plan payment is expected to be paid on _____.

[Summarize the numerical projections, and highlight any assumptions that are not in accord with past experience.  Explain why such assumptions should now be made.]

*You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.*

## V.    EFFECT OF CONFIRMATION OF PLAN

A.    **DISCHARGE OF DEBTOR** [If the Debtor is not entitled to discharge pursuant to 11 U.S.C. § 1141(d)(3) change this heading to "**NO DISCHARGE OF DEBTOR.**"]

**[Option 1 – If Debtor is an individual and § 1141(d)(3) is not applicable]**

B25B (Official Form 25B) (12/08) – Cont.                                                                                    15

     Discharge. Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5) of the Code. Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**[Option 2 – If the Debtor is a partnership and § 1141(d)(3) of the Code is not applicable]**

     Discharge. On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code. However, the Debtor shall not be discharged from any debt imposed by the Plan. After the effective date of the Plan your claims against the Debtor will be limited to the debts imposed by the Plan.

**[Option 3 – If the Debtor is a corporation and § 1141(d)(3) is not applicable]**

     Discharge. On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, or (iii) of a kind specified in § 1141(d)(6)(B). After the effective date of the Plan your claims against the Debtor will be limited to the debts described in clauses (i) through (iii) of the preceding sentence.

**[Option 4 – If § 1141(d)(3) is applicable]**

     No Discharge. In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

### B.    Modification of Plan

     The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan.

[If the Debtor is not an individual, add the following: "The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated *and* (2) the Court authorizes the proposed modifications after notice and a hearing."]

     [If the Debtor is an individual, add the following: "Upon request of the Debtor, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan."]

### C.    Final Decree

B25B (Official Form 25B) (12/08) – Cont.                                           16

     Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

## VI.  OTHER PLAN PROVISIONS

[Insert other provisions here, as necessary and appropriate.]


                                              _____
                                                   [Signature of the Plan Proponent]


                                              _____
                                 [Signature of the Attorney for the Plan Proponent]

**B25B (Official Form 25B) (12/08) – Cont.**                                                      17

# EXHIBITS

**B25B (Official Form 25B) (12/08) – Cont.**                                                 18

**Exhibit A –** Copy of Proposed Plan of Reorganization

**Exhibit B** – Identity and Value of Material Assets of Debtor

**B25B (Official Form 25B) (12/08) -- Cont.**                                                              20

**Exhibit C –** Prepetition Financial Statements
(to be taken from those filed with the court)

**B25B (Official Form 25B) (12/08) – Cont.** 21

**Exhibit D –** [Most Recently Filed Postpetition Operating Report][Summary of Postpetition Operating Reports]

**B25B (Official Form 25B) (12/08) – Cont.** 22

## Exhibit E – Liquidation Analysis

### *Plan Proponent's Estimated Liquidation Value of Assets*

**Assets**

| | | |
|---|---|---|
| a. | Cash on hand | $ |
| b. | Accounts receivable | $ |
| c. | Inventory | $ |
| d. | Office furniture & equipment | $ |
| e. | Machinery & equipment | $ |
| f. | Automobiles | $ |
| g. | Building & Land | $ |
| h. | Customer list | $ |
| i. | Investment property (such as stocks, bonds or other financial assets) | $ |
| j. | Lawsuits or other claims against third-parties | $ |
| k. | Other intangibles (such as avoiding powers actions) | $ |

      ***Total Assets at Liquidation Value***    $

**Less:**
Secured creditors' recoveries    $
**Less:**
Chapter 7 trustee fees and expenses    $
**Less:**
Chapter 11 administrative expenses    $
**Less:**
Priority claims, excluding administrative expense claims    $
**[Less:**
Debtor's claimed exemptions]    $

(1) Balance for unsecured claims    $

(2) Total dollar amount of unsecured claims    $

***Percentage of Claims Which Unsecured Creditors Would Receive Or Retain in a Chapter 7 Liquidation:***    $

***Percentage of Claims Which Unsecured Creditors Will Receive or Retain under the Plan:***    ____% [Divide (1) by (2)]

____%

B25B (Official Form 25B) (12/08) – Cont.                                                                 23

**Exhibit F** – Cash on hand on the effective date of the Plan

**Cash on hand on effective date of the Plan:**                               $

*Less –*

     Amount of  administrative expenses payable on effective date of              -
     the Plan

                                                                       -
     Amount of statutory costs and charges

                                                                          -
     Amount of cure payments for executory contracts

                                                                  -
     Other Plan Payments due on effective date of the Plan

                                  $
          Balance after paying these amounts...............

The sources of the cash Debtor will have on hand by the effective date of the Plan are estimated as
follows:

         $                Cash in Debtor's bank account now

         +                Additional cash Debtor will accumulate from
                                 net earnings between now and effective date of the Plan [state the
                                 basis for such projections]

         +                Borrowing [separately state terms of repayment]

         +                Capital Contributions

         +                Other

         $                Total [This number should match "cash on hand" figure noted
                               above