Filed in U.S. Bankruptcy Court
Atlanta, Georgia

DEC 9 2009

M. Regina Thomas, Clerk
By:_____
Deputy Clerk

B25A (Official Form 25A) (12/08)

# United States Bankruptcy Court
NORTHERN District of GEORGIA

In re **Glenn R Favre pro se**,
     Debtor

Case No. 08-85264-mhm

Small Business Case under Chapter 11

## [NAME OF PROPONENT]'S PLAN OF REORGANIZATION, DATED [INSERT DATE]

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of [insert the name of the debtor] (the "Debtor") from [specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for 1 classes of secured claims; 20 classes of unsecured claims; and 4 classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately __ cents on the dollar. This Plan also provides for the payment of administrative and priority claims [if payment is not in full on the effective date of this Plan with respect to any such claim (to the extent permitted by the Code or the claimant's agreement), identify such claim and briefly summarize the proposed treatment.]

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1.   All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.02   Class 2.   The claim of FAVRE & BENNNT AND TOP TO BOTTOM RENOVATION, to the extent allowed as a secured claim under § 506 of the Code.

**B25A (Official Form 25A) (12/08) - Cont.**  2

[Add other classes of secured creditors, if any. Note: Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8).]

2.03   Class 3.   All unsecured claims allowed under § 502 of the Code.

[Add other classes of unsecured claims, if any.]

2.04   Class 4.   Equity interests of the Debtor. [If the Debtor is an individual, change this heading to "The interests of the individual Debtor in property of the estate."]

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02   Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code [, and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03   Priority Tax Claims.  Each holder of a priority tax claim will be paid [specify terms of treatment consistent with § 1129(a)(9)(C) of the Code].

3.04   United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

B25A (Official Form 25A) (12/08) - Cont.                                    3

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims<br><br>*Federal and State Taxes* | [State whether impaired or unimpaired.]<br><br>*unimpaired* | [Insert treatment of priority claims in this Class, including the form, amount and timing of distribution, if any. For example: "Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order. Except: _____."] |
| Class 2 – Secured Claim of [Insert | [State whether impaired or unimpaired.]<br><br>**UNIMPAIRED** | [Insert treatment of secured claim in this Class, including the form, amount and timing of distribution, if any.]<br><br>[Add class[es] of secured claims if applicable] |
| Class 3 - General<br><br>SUNTRUST MORTGAGE IMS, | **IMPAIRED** | *Unsecured claims will be released with the settlement of the adversarial cases 09-09069 and 09-0975* |
| Class 4 - Equity<br><br>*Favre and Bennett and Top to Bottom* | *unimpaired* | *equity will dispersed per the terms of the agreement* |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

      5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

      5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

      5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**B25A (Official Form 25A) (12/08) – Cont.** 4

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    6.01    Assumed Executory Contracts and Unexpired Leases.

        (a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the [Insert "effective date of this Plan as provided in Article VII," "the date of the entry of the order confirming this Plan," or other applicable date]:

        [List assumed executory contracts and/or unexpired leases.]

        (b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the [Insert "effective date of this Plan," "the date of the entry of the order confirming this Plan," or other applicable date]. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than  12/14/09  ( 1 ) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

*The emplimentation of the plan will be carried out after the default judgment is entered with regaurds to all of the adversarial cases 09-09069 thru 75 : 77*
*the directors will be Dale capelouto and Glenn favre and Allen Scott bennett as per §1123(a)(5)*

## ARTICLE VIII
## GENERAL PROVISIONS

    8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: [Insert additional definitions if necessary].

    8.02    Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

**B25A (Official Form 25A) (12/08) - Cont.**                                                                 5

        8.03    Severability.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

        8.04    Binding Effect.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

        8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

        [8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of _Georgia_ govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.]

        [8.07    Corporate Governance.  [If the Debtor is a corporation include provisions required by § 1123(a)(6) of the Code.]]

**ARTICLE IX**
**DISCHARGE**

*B25A (Official Form 25A) (12/08) - Cont. 6 Discharge. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B). [Option*

## ARTICLE X
## OTHER PROVISIONS

[Insert other provisions, as applicable.]

Respectfully submitted,

By: **Dale Capelouto** _[signature]_
The Plan Proponent

By: **Glenn Favre pro se** _[signature]_
Attorney for the Plan Proponent