UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ENTERED ON DOCKET**
**JAN 13 2010**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GLENN ROYCE FAVRE, | ) | CASE NO. 08-85264 - MHM |
| | ) | |
| Debtor. | ) | |

**ORDER DENYING MOTION TO REOPEN**

By order entered April 7, 2009, Debtor's Chapter 7 discharge was entered and this case was closed. In response to the order entered December 17, 2009, Debtor filed an amended motion to reopen this Chapter 7 case.

In the title and the first paragraph of the motion, Debtor asserts that he seeks to "appeal" this case. The balance of Debtor's motion discusses the ways in which he contends this case was not correctly handled by the Chapter 7 Trustee and Debtor's attorney. Specifically:

- Debtor "always states that his intention was to have his creditors paid and request (sic) [the Chapter 7 Trustee] to not allow the debt to be discharged."

- Debtor "insisted in the recovery of the $225,000.00 in litigation due to Top to Bottom Renovations, LLC, and over $1,000,000.00 of investment properties in Florida[.]"

- If Debtor's assets and liabilities had been correctly calculated he "would not have to had file an individual chapter 7 and would have shown that the unsecured debt

exceeded the limits for a Chapter 13, in turn able to file a chapter 11 small business reorganization."

- "The majority of the debt discharged on April 7, 2009 belonged to the Debtor's 'Companies', although they were listed on the Debtor's schedule, see schedule F revised, and discharged despite the objection of the Debtor."

- Trustee's attorney "did not properly take into account the debt that exceeded the limits for a chapter 13, and that of the Debt being primarily that of the Debtor's Companies."

- Trustee declined to take control of Debtor's businesses, stating that liquidation of their assets would not benefit creditors because the receivables and assets did not belong to Debtor.

- "The intention of the Debtors (sic) petition was to seek the assistance from this Honorable Court with regards to the litigation of the Debtor's Business v. clients and that of the creditor (sic) wrongful filing suit against the Debtor personally. ...The protection of the 11 USC § 362(a) automatic stay was to allow [Debtor's state court attorney] to settle the Cases of Top to Bottom Renovations, LLC][.]"

- "The discharge of 11 USC 727 of 08-bk-85264 on April 7, 2009 was a judicial travesty to cover up the fact the Debtor's creditors, clients and that of the regulators, who were responsible for over seeing (sic) and ensuring a fair and impartial judicial process, failed....September 11, 2001 did not have to happen, had it not been for the lack of supervision of those responsible for the regulation

2

and administration of cases filed in the United States Bankruptcy Courts by individuals. The creditors fail (sic) to obtain the Patriot Act form to be signed, in turn not realizing where the money is really being disbursed and having an accurate accounting, therefore financing terrorism."

- Debtor "is a victim of judicial misconduct, legal malpractice, theft by conversion by his clients and has had his Civil Rights violated, Patriot Act Violations, lack of financial regulation, and forced into involuntary chapter 7...."

Debtor's amended motion to reopen fails to set forth any cognizable grounds to reopen this case. Debtor complains that he did not seek a discharge and wanted to pay his creditors. When a Chapter 7 case is filed and a Trustee is appointed, all the property of the estate is vested in the Trustee. A chapter 7 Trustee has statutory duties described in 11 U.S.C. § 704 and those statutory duties supercede the wishes, directions or instructions of a debtor. If Debtor disagreed with the manner in which the Chapter 7 Trustee was administering the estate, Debtor could have sought dismissal of this case or converted to another Chapter.[1]

Additionally, when Debtor filed his individual Chapter 7 case, his "companies" did not also become debtors. Debtor's equity interest in those companies became property of the estate, but no debts of the companies were discharged by the discharge order entered April 7, 2009. Apparently, the Chapter 7 Trustee made the reasoned judgment that

---

[1] If Debtor believes his attorney failed to provide competent legal representation, he may pursue any such claim against his attorney in state court. Because such a claim arose postpetition, this court would not have jurisdiction over that claim.

3

management or liquidation of the companies would provide no substantial assets to the estate for the benefit of creditors. Debtor has presented insufficient facts to show that the Chapter 7 Trustee's decision was incorrect. Upon entry of the discharge order, the assets of the estate not administered by the Chapter 7 Trustee revested in Debtor. Debtor may pursue any claims vested in his companies, but because any such claims are not property of the estate, the bankruptcy court lacks jurisdiction to entertain Debtor's pursuit of those claims in this court. Jurisdiction over those claims lies with other courts. Similarly, the claims to which Debtor alludes regarding the Patriot Act do not appear to be claims cognizable in this court.

To the extent that Debtor's amended motion to reopen is also intended to be an amended motion to convert this case to a Chapter 11 case, that motion fails to provide sufficient grounds for conversion. Debtor failed to show that he can propose a confirmable Chapter 11 plan. Additionally, a debtor cannot receive two discharges in one case. *In re Hauswirth,* 242 B.R. 95 (Bankr. N.D. Ga. 1999) (J. Murphy). Accordingly, it is hereby

ORDERED that Debtor's amended motion to reopen is *denied.*

The Clerk is directed to serve this Order upon Debtor and Trustee.

IT IS SO ORDERED, this the 13th day of January, 2010.

MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE