UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ENTERED ON DOCKET**
**JAN 14 2010**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GLENN ROYCE FAVRE, | ) | CASE NO. 08-85264 - MHM |
| | ) | |
| Debtor. | ) | |

**ORDER STRIKING *SUMMONS TO DEBTOR IN INVOLUNTARY CASE***

This case commenced with the December 9, 2008 filing of a voluntary Chapter 7 petition by Debtor. Debtor was discharged and the case was closed April 7, 2009. Nevertheless, beginning in October, 2009, Debtor began filing a number of pleadings, as reflected on the docket. On December 21, 2009, Dale Capelouto filed *pro se* a *Summons to Debtor in Involuntary Case* [Doc. No. 79] (the "Involuntary Summons"). Mr. Capelouto describes himself as "PARTY OF INTEREST, 110 S. COLUMBIA DR 11 DECATUR GA 30030."[1] In the blank provided for the date of the Involuntary Petition filed against the debtor, Mr. Capelouto inserted April 9, 2009, which is the date Debtor's Chapter 7 discharge was entered. Attached to the Involuntary Summons was a copy of the Chapter 7 Trustee's March 3, 2009 application to approve the employment of Trustee's attorney and the order granting that application; a notice of appearance by a creditor's attorney, filed December 19, 2008; the §342 notice to Debtor, filed by Debtor December 9, 2009[2]; a Materialman's and Mechanic's claim of lien by Debtor's company, Top to Bottom, LLC

---

[1] The referenced address is the same address listed as Debtor's residence address.

[2] That notice was filed as required with the original bankruptcy petition December 9, 2008. The purpose of Debtor's refiling of the notice a year later is unclear.

against a party whose name is not legible, dated April 7, 2009; undated correspondence to Debtor from CDI Credit Inc.; a copy of a motion for relief from stay filed in this case by Suntrust Mortgage, Inc.; and several other similar documents. All the documents attached to the Involuntary Summons appear to be irrelevant to it, and any relevance is not explained. Additionally, no involuntary petition was attached nor has one been filed in this case; the Involuntary Summons lacks sufficient allegations to be construed as an involuntary petition.

Finally, even if an involuntary petition were filed, such a petition could not be entertained. Debtor's *voluntary* Chapter 7 discharge was entered April 7, 2009. A debtor cannot receive two discharges in one case. *In re Hauswirth,* 242 B.R. 95 (Bankr. N.D. Ga. 1999). Accordingly, it is hereby

ORDERED that the *Summons to Debtor in Involuntary Case* [Doc. No. 79] is *stricken.*

The Clerk is directed to serve this Order upon Debtor and Trustee.

IT IS SO ORDERED, this the 13th day of January, 2010.

MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE