**ENTERED ON**

**JAN 1 4 2010**

UNITED STATES BANKRUPTCY COURT        **DOCKET**
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GLENN ROYCE FAVRE, | ) | CASE NO. 08-85264 - MHM |
| | ) | |
| Debtor. | ) | |

## ORDER STRIKING *DISCLOSURE STATEMENT* AND *PLAN*

This case commenced December 9, 2008, as a voluntary Chapter 7 case. After
administration by the duly-appointed Chapter 7 Trustee, Debtor's Chapter 7 discharge was
entered April 7, 2009 [Doc. No. 30] and the case was closed.[1]  Debtor's motions to reopen
this case [Doc. No. 47] and convert to a Chapter 11 case [Doc. No. 48] were denied by
order entered January 13, 2010 [Doc. No. 81].

On December 9, 2009, Debtor filed a Chapter 11 disclosure statement [Doc. No. 54]
and a Chapter 11 plan [Doc. No. 56 and 57]. Debtor used forms for a disclosure statement
and the plan but most of the significant information intended to be elicited by the forms is
omitted.

Additionally, on page 4 of the disclosure statement, Debtor lists Dale Capelouto and
Glenn R. Favre as managers of Debtor, but fails to describe the basis upon which Debtor,
who is an individual, may have a manager. The only other information contained in the

---

[1] Nevertheless, beginning on October 13, 2009, Debtor began filing a number of pleadings [Doc.
Nos. 32-39, 41, 43-45, 47, 49-56, 58, 63-72, 78).

disclosure statement that is not part of the form language is two anticipated avoidance

actions, one against Suntrust Mortgage and others, and another against "Krell, Miller,

Macklin, Lesesne."[2]

In the plan on page 3, a chart lists all classes of claims as unimpaired but fails to

describe the proposed treatment of priority or secured claims, classes 1 and 2. On page 4,

the arbitrary and unreasonable date of December 14, 2009, is inserted as the bar date for

filing proofs of claim. Article VII of the plan states "the directors will be Dale capelouto

(sic), Glenn favre (sic) and Allen Scott bennett (sic) as per § 1123(a)(5)." As Debtor is an

individual, not a corporation, the designation of "directors" is unclear. Page 5, Article IX,

provides for a discharge, but Debtor has already received a discharge in this case. A debtor

cannot receive two discharges in one case. *In re Hauswirth,* 242 B.R. 95 (Bankr. N.D. Ga.

1999) (J. Murphy).

Even assuming this case could be converted to a Chapter 11 case, pursuant to

11 U.S.C. §1125, a disclosure statement must provide adequate information to enable

creditors to make an informed judgment about the plan. The disclosure statement filed by

Debtor fails to provide adequate information about the plan. Additionally, the plan fails to

satisfy even the most rudimentary requirements for the contents of plan as set forth in

11 U.S.C. §1123. Accordingly, it is hereby

---

[2] These are apparently the surnames of individuals against whom Debtor asserts claims. Debtor has already filed adversary proceedings against these individuals to recover on Debtor's alleged contract claims.

2

ORDERED that the Chapter 11 disclosure statement  [Doc. No. 54] and Chapter 11

plan [Doc. No. 56 and 57] filed by Debtor are *stricken.*

The Clerk is directed to serve this Order upon Debtor and Trustee.

IT IS SO ORDERED, this the _14th_ day of January, 2010.

MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE